IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 2, 2003 Session

## ANGELA KAMILLE DRAPER, as parent, survivor and next friend of BRYANNA FAITH DRAPER, deceased, v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. 20200993     Hon. Vance Cheek, Commissioner**

**FILED SEPTEMBER 4, 2003**

**No. E2002-02722-COA-R3-CV**

In action against the State of Tennessee and a state employee, the Commissioner held he had no jurisdiction of the claims. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Claims Commission Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Paul R. Wohlford, and Kenneth D. Hale, Bristol, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Heather C. Ross, Senior Counsel, Nashville, Tennessee, for Appellee.

**OPINION**

Plaintiff, Angela Draper, parent and next friend of decedent, Bryanna Faith Draper, filed a claim against Diane Stanley and the Tennessee Department of Children's Services by lodging a claim with the State Division of Claims Administration. The claim was then transferred to the Claims Commission.

Plaintiff's claim alleges she filed a Complaint in Sullivan County Circuit Court against Blue Ridge Radiology Associates, P.C., Holston Valley Regional Medical Center, and others, for the wrongful death of her child, and that the defendants answered and alleged that Diane Stanley,

an employee of the Tennessee Department of Children's Services, was assigned to investigate suspected abuse of the child and that she failed to protect the child.

The state moved to Dismiss on the grounds that the state was the only proper party before the Claims Commission. Responding to the motion, The Commissioner found there was a lack of subject matter jurisdiction because the cause of action fell outside the scope of authority vested in the Claims Commission pursuant to Tenn. Code Ann. §9-8-307. He also dismissed Ms. Stanley and DCS as parties, stating that pursuant to Tenn. Code Ann. §9-8-307(a)(1), only the state can be sued in the Claims Commission. Plaintiff has appealed these rulings.

In this case, the Commission determined that it lacked subject matter jurisdiction over the claim presented. As the Supreme Court has recently explained:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by constitutional or legislative act. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

As the Court discussed in *Stewart v. State*, 33 S.W.3d 785 (Tenn. 2000), in 1984 the legislature enacted Tenn. Code Ann. §9-8-307, which waived the state's sovereign immunity in certain limited situations and created the Tennessee Claims Commission. The Court explained that the legislative history behind the enactment showed that the legislature granted the Claims Commission exclusive jurisdiction to hear claims against the state, and wanted to encourage people to bring claims against the state in the Commission rather than in court. *Id.* The Commission has "exclusive jurisdiction" over monetary claims against the state based on the acts or omissions of state employees falling within certain categories. If the claim falls outside the categories specified, "then the state retains its immunity from suit, and a claimant may not seek relief from the state." *Id.* at 790; Tenn. Code Ann. §9-8-307(a)(1). The statute expresses that "It is the intent of the general assembly that the jurisdiction of the claims commission be liberally construed to implement the remedial purposes of this legislation." Tenn. Code Ann. §9-8-307(a)(3). The Court recognized, "although we have traditionally given a strict construction to the scope of the Commission's jurisdiction, we also recognize that our primary goal in interpreting statutes is 'to ascertain and give effect to the intention and purpose of the legislature.'" *Stewart* at 791. Thus the Court determined that when deciding whether the Commission has jurisdiction to hear a claim under the statute, the courts must give a liberal construction in favor of jurisdiction "but only so long as (1) the particular grant of jurisdiction is ambiguous and admits of several constructions, and (2) the 'most favorable view in support of the petitioner's claim' is not clearly contrary to the statutory language used by the General Assembly." *Id.*

-2-

Plaintiff contends that the Commission had jurisdiction pursuant to Tenn. Code Ann. §9-8-307(a)(1)(E), which states that the Commission has exclusive jurisdiction to determine a claim against the state based on the acts or omissions of a state employee for the "negligent care, custody and control of persons." She further argues that the state should be held accountable for its failure to remove the child from the home where she was being abused and place the child in state custody, because the state has duty to protect abused children under the statutory scheme.

She cites *Stewart* as supporting her position. In *Stewart*, the Court interpreted Tenn. Code Ann. §9-8-307, and determined whether there had to be care, custody, and control for this section to apply. In *Stewart*, the Court found that jurisdiction could be asserted under the section if a state trooper "had a legal duty to control local police authorities at an arrest scene – irrespective of whether he had actual care and custody over the deputies – and if he was negligent in the fulfillment of that duty." *Id*. at 792. The Court also stated "it is difficult to conceive that the legislature intended to deny jurisdiction in cases where negligent control of a person by a state employee resulted in injury, even though the injured person was not actually within the care or custody of the state employee." *Id*. Plaintiff continues that since DCS had a duty to remove Bryanna from her home where she was being abused, but neglected to do so, then the state should be liable for negligently failing to take Bryanna into state care and/or custody.

We cannot agree. First, plaintiff's interpretation of the statute does not comport with the language adopted by the Legislature. While plaintiff relies upon the construction utilized in *Stewart*, the *Stewart* Court concentrated mainly on the issue of whether there could be state control of a person without that person actually being the care and custody of the state. But the Court said, if the state trooper in *Stewart* had a legal duty to control the deputies at the scene, or if he voluntarily assumed such a duty, and was negligent in the exercise of that control of persons, then the state could be liable (but the court ultimately found that no such duty existed.). *Id*. There is no similarity between this limited factual scenario which the *Stewart* Court entertained and this case, because there has been no showing of control, or care, or custody of any person that was exercised negligently.

Finally, while plaintiff argues that control, care, and custody should have been exercised pursuant to the statutes dealing with dependent and neglected children and DCS' ability to effect a removal in those situations, this is, in essence, an argument that the state owed a duty to protect Bryanna, and that by failing to comply with its own statutes regarding child abuse, plaintiff now has a private right of action for this failure. This argument falls within the ambit of Tenn. Code Ann. §9-8-307(a)(1)(N), which reads:

> Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision that the general assembly expressly conferred a private right of actions in favor of the claimant against the state for the state's violation of the particular statute's provisions;

We have held that an individual cannot state a cause of action based upon the deprivation of a statutory "right" without pointing to express language in the statute which confers a private right of action in the individual's favor. *See Tate v. State*, 2003 WL 21026939 (Tenn. Ct. App. Apr 14, 2003); *A'la v. State*, 2002 WL 1838162 (Tenn. Ct. App. Aug. 13, 2002); *Taylor v. State*, 2001 WL 873470 (Tenn. Ct. App. July 31, 2001). The statutory scheme dealing with removal of abused children does not grant a private right of action within the statute for the state's failure to remove. Tenn. Code Ann. §9-8-307 (a)(1)(N) does not confer jurisdiction for the stated claim, and neither does Tenn. Code Ann. §9-8-307 (a)(1)(E). Plaintiff is couching a claim for deprivation of statutory rights as a claim of negligent care in an effort to avoid having to point to language in the statute which confers a right of action. We conclude there is no basis for jurisdiction pursuant to the statute, and we affirm the Commission's dismissing plaintiff's claim.

Any issues regarding the statute of limitations and tolling were pretermitted by the Commission based on its finding that it did not have subject matter jurisdiction, and we pretermit addressing these issues for the same reason.

The Commission's Judgment is affirmed and the cause remanded with the cost of the appeal assessed to Angela Draper.

_____
HERSCHEL PICKENS FRANKS, J.

-4-