IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, June 29, 2004

## COMMUNITY BANK OF EAST TENNESSEE v. TENNESSEE DEPARTMENT OF SAFETY

**Direct Appeal from the Tennessee Claims Commission - Eastern Division
No. 20301899    Hon. Vance Cheek, Jr., Judge**

---

**No. E2004-00975-COA-R3-CV - FILED AUGUST 30, 2004**

---

The Claim Commissioner held Commission was without jurisdiction to entertain claim on appeal. We vacate Judgment and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Claims Commission is Vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

J. Myers Morton, and George W. Morton, Jr., Knoxville, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Sarah Chambers McBride, Assistant Attorney General, Nashville, Tennessee, for Appellee.

**OPINION**

Plaintiff filed this action in the Tennessee Claims Commission against the Tennessee Department of Safety, alleging that the State had seized a vehicle in which it had a perfected purchase money security interest, owned by Pamela and James Garner, and they had signed a promissory note to plaintiff. Plaintiff averred that the Garner's title properly reflected that the first lienholder was "Community Bank of ET" at 151 E. Broad Street, Clinton, TN 37716.

Plaintiff alleged that Mr. Garner was apparently arrested sometime prior to June 27, 2002, while driving the vehicle, and the vehicle was seized by the Campbell County Sheriff's

Department, and on June 27, 2002, the State sent a letter and notice of the seizure to "The Community Bank" at P.O. Box 400, Harrogate, TN 37752. Plaintiff further alleged there is no such bank at that address, and Community has no branches in Harrogate - rather, the bank at that address is Commercial Bank, and that Commercial Bank responded to the notice and informed the State that it had no such customer. The State then entered an order of forfeiture.

Plaintiff alleged that it never received notice of the seizure, until it received actual notice in March of 2003, and that in June of 2002, the vehicle was worth approximately $17, 850.00. Plaintiff's action is based on Tenn. Code Ann. §9-8-307, which will render the State liable for its negligent care, custody, or control of personal property. Plaintiff alleged the State failed to give it notice before the forfeiture, and further issued a new title omitting the bank's lien. The promissory note was exhibited, as well as the title showing it as lienholder, and the letters sent to and from Commercial Bank.

The state in its Answer, admitted that James Garner was arrested for drug possession and his vehicle was seized by the Campbell County Sheriff's Department. The State admitted that it sent a certified letter to "The Community Bank" at the address of P.O. Box 400, Harrogate, TN 37752, but averred that this information was obtained through a VIN check and was the only lienholder information available on the vehicle. The State admitted that it entered an Order of Forfeiture forfeiting the vehicle to the Campbell County Sheriff's Department. All other claims were denied, and raised the affirmative defense that the claim did not fall within the jurisdiction of the Claims Commission because the State never had care, custody and control of the vehicle, and filed a Motion to Dismiss based on this defense.

The Commissioner entered an Order of Dismissal for Lack of Subject Matter Jurisdiction, finding the action fell outside the scope of Tenn. Code Ann. §9-8-307(a)(1), and he concluded that the Campbell County Sheriff's Department had care, custody and control of the vehicle rather than the State. Community appealed on the issue of whether the State had care, custody or control of the vehicle within the meaning of Tenn. Code Ann. §9-8-307(a)(1)(F)?

On the issue of subject matter jurisdiction, the Commissioner's finding that he lacked subject matter jurisdiction is reviewed *de novo. Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)(citations omitted)*; also see, Stewart v. State*, 33 S.W.3d 785, 791 (Tenn. 2000).

Tenn. Code Ann. §9-8-307(a)(1) confers jurisdiction on the Tennessee Claims Commission to entertain monetary claims against the state based upon certain specified causes of action - one of those is found in subsection (F), which deals with claims asserting the negligent care, custody, or control of personal property by a state employee. This provision is to be liberally construed, such that it should be given the "most favorable view in support of" the claim, but should not be extended beyond its obvious meaning. *Stewart*.

Cases construing this provision have focused on whether the State had a legal duty to assert control or custody over the property in question, or whether the State employee assumed

such a duty by undertaking an action which asserted control . *See Stewart*; *Smith v. State*, 2002 WL 31895719 (Tenn. Ct. App. Dec. 30, 2002). Plaintiff argues that the State asserted control over the seized vehicle pursuant to the procedure set forth in the forfeiture statues.

The statutes which control seizures and forfeitures of personal property such as the vehicle at issue, provide that the applicable state agency (which in this case, is conceded to be the Department of Safety) must send notice to owners/lienholders that the property has been seized, allow time for the filing of claims, conduct hearings if requested, and determine if forfeiture is appropriate. *See* Tenn. Code Ann. §40-33-201 *et seq.* The agency has the power to either return the property to its owner or a lienholder, or to order the property forfeited and then dispose of the property. Tenn. Code Ann. §§40-33-204, 206, 210. If the forfeited property is sold, then the proceeds either go to the seizing agency or municipality, or to the state. Tenn. Code Ann. §40-33-211.

Based on the statute, it is clear that the State had control over the seized property and how it relinquishes such control. The Supreme Court has rejected the argument that "control" is synonymous with physical custody, which appears to be the rationale behind the Commission's decision. *See Hembree v. State*, 925 S.W.2d 513 (Tenn. 1996). In *Hembree*, the Court stated that "Liability in this regard comes not so much from physical custody or control; rather, it is the decision to reduce or terminate control or supervision that is scrutinized and may result in liability if that decision is made without due care." *Id.*, at 517. While *Hembree* dealt with the negligent release of an individual from a state facility, the reasoning is equally applicable here in dealing with the issue of control over personal property. The Court explained that the State could only release a person if he was within its control, and similarly, the State could not order this vehicle forfeited unless the State had control over it.

"Control" is defined as "power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee. The ability to exercise a restraining or directing influence over something." Black's Law Dictionary 329 (6th Ed. 1990). Clearly, the State had the power to direct what happened to this vehicle pursuant to the statute, and had the ability to either return the vehicle to its owner or a secured party, or to order it forfeited and sold. This power is granted to the State and not to the seizing agency or any other body. *See* Tenn. Code Ann. §§40-33-204, 206, 210. Thus, the control was with the State, and not with the sheriff's department as the Commissioner determined.

The Judgment of the Claims Commission is vacated and the cause remanded for further proceedings consistent with this Opinion. The cost of the appeal is assessed to the State of Tennessee.

_____
HERSCHEL PICKENS FRANKS, P.J.

-3-