**IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 31, 2007**

**ANTHONY DEAN v. GLEN TURNER, WARDEN, ET AL.**

**An Appeal from the Chancery Court for Hardeman County
No. 15966          J. Weber McCraw, Judge**

_____

**No. W2007-00744-COA-R3-CV  - Filed December 18, 2007**

_____

This is appeal involves a habeas corpus petition filed by a prisoner.  The appellant prisoner filed a petition for a writ of habeas corpus in chancery court.  The chancery court denied the prisoner's habeas petition.  The prisoner appealed.  We vacate the judgment and dismiss the petition, finding that the chancery court did not have jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Vacated and the Appeal is Dismissed for Lack of Subject Matter Jurisdiction**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., AND ALAN E. HIGHERS, J., joined.

Anthony H. Dean, *pro se*, Whiteville, Tennessee.

Robert E. Cooper, Jr. and David H. Findley, Nashville, Tennessee, for the appellee, Glen Turner.

**OPINION**

On February 3, 2000, a Shelby County Grand Jury convicted Petitioner/Appellant Anthony Dean ("Dean") of the aggravated rape of an 89 year-old woman.  He was sentenced to forty years in prison and is currently serving his sentence at the Hardeman County Correctional Facility in Whiteville, Tennessee.

On direct appeal of his criminal conviction, Dean argued that his initial arrest was unconstitutional because he had not been brought before a magistrate without unnecessary delay, and that the affidavit of complaint was insufficient.  The Court of Criminal Appeals held that Dean's confession was obtained during an unconstitutional detention and should not have been introduced at trial.  However, the appellate court found that this error did not affect the outcome of Dean's trial in light of the remaining evidence introduced against him and affirmed his

conviction.[1]  The Tennessee Supreme Court denied Dean's application for permission to appeal. *See State v. Dean*, 76 S.W.3d 352 (Tenn. Crim. App. 2001), *app. den.* (Tenn. March 11, 2002). Dean then filed a petition for post-conviction relief, again arguing that his constitutional rights were violated because he was not taken timely before a magistrate, and also alleging ineffective assistance of counsel. The trial court dismissed this petition, and the Court of Criminal Appeals affirmed.  *See Dean v. State*, No. W2005-02319-CCA-R3-PC, 2006 WL 3613598 (Tenn. Crim. App. Dec. 7, 2006), *app. den.* (Tenn. Apr. 16, 2007).

Undeterred, Dean filed the instant petition for habeas corpus relief in the Chancery Court of Hardeman County, Tennessee, on September 22, 2006.  In his petition, he again alleged, *inter alia*, that the arrest warrant and indictment which resulted in his incarceration were defective. The State filed a motion to dismiss the petition, arguing that the substance of the claim had previously been determined and that the trial court in which Dean was convicted had subject matter jurisdiction to adjudicate the case under a valid indictment.  The chancery court issued an order granting the State's motion to dismiss the habeas corpus petition on March 5, 2007.[2]  From that order, Dean now appeals.

On appeal, Dean raises several issues involving his confinement.  Specifically, Dean challenges the chancery court's dismissal of his habeas corpus petition, the nature of his pretrial detention, the jurisdiction of the Shelby County Criminal Court, and the validity of his trial proceedings.

At the outset, we must address the trial court's subject matter jurisdiction, even though neither party has raised the issue.  *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001); Tenn. R. App. P. 13(b).  Subject matter jurisdiction involves a court's power to adjudicate a matter before it.  *First Am. Trust*, 59 S.W.3d at 140 (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).  "Issues concerning subject matter jurisdiction are so important that appellate courts must address them even if they were not raised in the trial court."  *Id.*  A judgment or order entered by a court without subject matter jurisdiction is void, and we must vacate such an order and dismiss the case without reaching the merits.  *Id.* at 141; *see Moore v. Teddleton*, No. W2005-02746-COA-R3-CV, 2006 WL 3199273, at *4 (Tenn. Ct. App. Nov. 7, 2006).

Section 29-21-101 of the Tennessee Code Annotated states: "Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102,

---

[1] The victim identified Dean and testified that they met when he came to her apartment and offered to cut her hair. Another witness testified that he also had seen Dean in the vicinity of the apartment complex offering to cut hair.  In addition, a positive DNA match tied Dean to semen recovered from the victim.

[2] The chancery court initially granted the State's motion to dismiss the petition before the appellee, Glen Turner ("Respondent"), was served with a summons for the habeas action.  Dean then filed several motions alleging a lack of personal jurisdiction due to insufficient service of the summons.  He also filed a notice of appeal to this Court. Before the chancery court ruled on Dean's motions, Dean filed a motion to dismiss his appeal.  The appeal was dismissed on January 31, 2007.  The chancery court then reissued a second order dismissing the petition for habeas corpus relief on March 5, 2007, which also served to deny all of Dean's previous motions.  Dean then filed the instant appeal.

may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). The writ of habeas corpus "may be granted by any judge of the circuit or criminal courts, or by any chancellor *in cases of equitable cognizance*." T.C.A. § 29-21-103 (2000) (emphasis added). In the context of its discussion of the concurrent jurisdiction of the circuit and chancery courts, the treatise GIBSON'S SUITS IN CHANCERY addresses this limitation on the chancery court's authority to grant habeas corpus relief: "Chancery Court has no jurisdiction of criminal matters, and a Chancellor may not grant the writ to enquire into the restraint of prisoners or the validity of a criminal conviction. The limiting words 'in cases of equitable cognizance' refer to restraints not criminally imposed or sanctioned." GIBSON'S SUITS IN CHANCERY, § 1.08, fn. 43 (8th ed. 2004). Thus, while the chancery court has jurisdiction over equitable matters, it lacks jurisdiction over criminal matters. *See id.*

Dean correctly notes that a habeas corpus "application should be made to the court or judge most convenient in point of distance to the applicant." T.C.A. § 29-21-105 (2000). This directive, however, must be read in conjunction with the limitation on the chancery court's jurisdiction in section 29-21-103. By the plain language in the statute, the chancery court may hear a petition for habeas corpus relief only "in cases of equitable cognizance." *See* T.C.A. § 29-21-103 (2000); GIBSON'S SUITS IN CHANCERY, § 1.08, fn. 43 (8th ed. 2004). Thus, a petitioner seeking habeas corpus relief must apply to the most convenient court authorized to grant the writ. *See* T.C.A. §§ 29-21-103, -105 (2000).

In this case, Dean filed his habeas petition in the Chancery Court of Hardeman County, Tennessee, alleging that the arrest warrant and indictment which resulted in his incarceration were defective. Clearly, he asks the Chancery Court to inquire into the validity of his criminal conviction, a matter which is not within the jurisdiction of the Chancery Court. Accordingly, we must conclude that the Chancery Court of Hardeman County Tennessee lacked subject matter jurisdiction to hear Dean's petition for a writ of habeas corpus. Therefore, we vacate the judgment of the Chancery Court and dismiss the petition for lack of subject matter jurisdiction.

This holding pretermits the issues raised on appeal.

The judgment of the trial court is vacated and the appeals dismissed for lack of subject matter jurisdiction. Costs on appeal are to be taxed to the Appellant, Anthony Dean, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

-3-