# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 18, 2013

## ADRIAN FIELDS v. BYRON WILLIAMS and STERLING MARSHALL

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000377-10, Div. II     James Russell, Judge**

---

**No. W2012-01949-COA-R3-CV - Filed April 30, 2013**

---

This is an appeal from the circuit court's dismissal of Appellant's appeal from general sessions court. Upon filing the appeal, Appellant paid costs in the general sessions court pursuant to Tennessee Code Annotated Section 8–21–401(b)(1)(C)(i), but did not submit a surety bond under Tennessee Code Annotated Section 27-5-103. The circuit court held that failure to post the surety bond under Section 27-5-103 resulted in a lack of subject matter jurisdiction in the circuit court. Accordingly, the trial court granted Appellees's motion to dismiss the appeal for lack of subject matter jurisdiction. Based upon this Court's recent decision in **Bernatsky v. Designer Baths & Kitchens, LLC**, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), we reverse the dismissal and remand for further proceedings.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Lewis K. Garrison, Memphis, Tennessee, for the appellant, Adrian Fields.

Robert L. Gatewood, Jr., Memphis, Tennessee, for the appellee, Byron Williams and Sterling Marshall.

## OPINION

The underlying case arose out of a car accident that occurred on or about October 10, 2007 in Memphis. Appellant Adrian Fields was waiting at a red light to head South on Perkins Road near the American Way intersection. Sterling Marshall was driving a vehicle that was owned by Byron Williams (together with Mr. Marshall, "Appellees"). The Williams

vehicle was stopped behind Ms. Fields's vehicle at the red light. When the light changed, Ms. Fields began to proceed forward, but stopped suddenly. Mr. Marshall failed to stop and hit Ms. Fields's vehicle from behind.

On September 9, 2008, Ms. Fields filed suit against Messrs. Williams and Marshall in the Shelby County General Sessions Court, seeking damages for injuries allegedly sustained in the accident. The general sessions court entered a defense verdict on January 14, 2009. On that same day, Ms. Fields filed a notice of appeal in the general sessions court and paid costs in that court pursuant to Tennessee Code Annotated Section 8-21-401(b)(1)(C)(i).[1] Ms. Fields did not, however, submit a surety bond pursuant to Tennessee Code Annotated Section 27-5-103.[2]

On July 9, 2012, Appellees filed a motion to dismiss the appeal to the circuit court, alleging that the circuit court lacked subject matter jurisdiction due to Ms. Fields's failure to post a surety bond under Tennessee Code Annotated Section 27-5-103. The motion to dismiss was heard on August 17, 2012. By order of August 27, 2012, the trial court granted Appellees's motion to dismiss on the ground that Ms. Fields's failure to post the surety bond under Section 27-5-103 resulted in a lack of subject matter jurisdiction.

Ms. Fields appeals, raising one issue for review as stated in her brief:

When a party appeals from general sessions court to circuit

---

[1] Tennessee Code Annotated Section 8-21-401(b)(1)(C)(i) provides:

(C) In the following specific types of civil actions, the clerk shall charge a standard court cost of one hundred fifty dollars ($150) at the institution of a case:

(i) Appeals to the circuit or chancery court from juvenile court, general sessions court, probate courts, municipal courts or an administrative hearing; writs of certiorari from lower courts; or administrative hearings;

[2] Tennessee Code Annotated Section 27-5-103 provides:

(a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.

(b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

court, and pays the required appeal fee as provided by the court clerk, but does not file an appeal bond in an unknown amount or pay any other amount, is the appeal defective and should it be dismissed by the circuit court?

It is well settled that subject matter jurisdiction implicates a court's power to adjudicate a particular case or controversy. ***Osborn v. Marr***, 127 S.W.3d 737, 739 (Tenn.2004); ***Earls v. Mendoza***, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug.10, 2011). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." ***Earls***, 2011 WL 3481007, at *5 (citing ***Brown v. Brown***, 198 Tenn. 600, 281 S.W.2d 492, 497 (Tenn. 1955)). When subject matter jurisdiction is questioned, we must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it. ***Id***. (citing ***Staats v. McKinnon***, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, without a presumption of correctness." ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000).

The issue raised in this appeal was recently addressed in this Court's opinion, ***Bernatsky v. Designer Baths & Kitchens, LLC***, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013). In ***Bernatsky***, as in the instant appeal, the parties appealed a general sessions court decision to the circuit court, paid "standard court cost" of the appeal under Tennessee Code Annotated Section 8-21-401(b)(1)(C)(i), but did not file an appeal bond pursuant to Section 27-5-103(a). The circuit court dismissed the appeal for lack of subject matter jurisdiction based on the appellants' failure to file an appeal bond under Section 27-5-103(a). ***Bernatsky***, 2013 WL 593911, at *2. The appellants appealed the dismissal to this Court.

In the ***Bernatsky*** appeal, this Court reversed the circuit court's dismissal of the appeal from general sessions court and specifically held that the payment of "standard court cost" under Section 8-21-401(b)(1)(C)(i) satisfied the requirement to give bond for the costs of the appeal to circuit court under Section 27-5–103(a). ***Bernatsky***, 2013 WL 593911, at *19. The ***Bernatsky*** holding was based upon this Court's conclusion that Section 27-5-103 is ambiguous because it is imprecise and could reasonably be interpreted in more than one way. ***Bernatsky***, 2013 WL 593911, at *7. Accordingly, we construed Section 27-5-103 and Section 8-21-401 together, and considered the language and legislative history of both statutes, as well as the relevant caselaw. After doing so, the ***Bernatsky*** Court held that giving a cash bond of $211.50, which included the $150 "standard court cost" for such appeals under Section 8-21-401(b)(1)(C)(i), satisfied the requirement in Section 27-5-103(a) to "give bond with good security . . . for the costs of the appeal." In reaching this conclusion,

*Bernatsky* specifically overruled *University Partners Development v. Bliss*, No. M2008-00020-COA-R3-CV, 2009 WL 112571 (Tenn. Ct. App. Jan.14, 2009) and *Jacob v. Partee*, No. W2012-00205-COA-R3-CV, 2012 WL 3249605 (Tenn. Ct. App. Aug 10, 2012), perm. app. denied (Tenn. Dec. 12, 2012). *Bernatsky*, 2013 WL 593911, at *19 & n.21. Accordingly, *Bernatsky* reversed the circuit court's dismissal of the case and remanded for further proceedings. *Id*.; *accord West v. AMISUB (SFH), Inc.,* No. W2012-00069-COA-R3CV, 2013 WL 1183074 (Tenn. Ct. App. March 21, 2013); *Brown v. Shtaya*, No. W2012-00875-COA-R3CV, 2013 WL 836949 (Tenn. Ct. App. March 6, 2013); *Andrews v. Clemmer*, No. W2012-00986-COA-R3CV, 2013 WL 776073 (Tenn. Ct. App. Feb. 28, 2013); *Meacham v. Starnes*, No. W2012-00192-COA-R3CV, 2013 WL 760979, (Tenn. Ct. App. Feb. 27, 2013).

In light of this Court's opinion in *Bernatsky*, and for the foregoing reasons, we conclude that the circuit court erred in determining that it lacked subject matter jurisdiction based on Ms. Fields's failure to file a surety bond. The order of dismissal is reversed and the case is remanded for further proceedings as may be necessary and are consistent with this Opinion. Costs of the appeal are assessed against the Appellees, Byron Williams and Sterling Marshall, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

-4-