# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
July 17, 2013 Session

## WILMA GRIFFIN v. CAMPBELL CLINIC, P.A.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002751-07      James F. Russell, Judge**

---

**No. W2013-00471-COA-R3-CV - Filed July 31, 2013**

---

The Circuit Court dismissed this appeal from General Sessions Court based on the Appellant's failure to file a surety bond. Appellant paid costs in the General Sessions Court pursuant to Tennessee Code Annotated Section 8-21-401(b)(1)(C)(i), but did not submit a surety bond under Tennessee Code Annotated Section 27-5-103. The circuit court held that failure to post the surety bond under Section 27-5-103 resulted in a lack of subject matter jurisdiction in the circuit court.  Based on this Court's holding in ***Bernatsky v. Designer Baths & Kitchens***, L.L.C., No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), we reverse and remand for further proceedings.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., joined and ALAN E. HIGHERS, P.J.,W.S., filed a dissenting opinion.

John W. Leach, Louis Peo Chiozza, Jr., and Steven R. Walker,  Memphis, Tennessee, for the appellant, Wilma Griffin.

Jerry E. Mitchell and Kevin O'Neal Baskette, Memphis, Tennessee, for the appellee, Campbell Clinic, P.A.

## OPINION

### I. Background

Only a brief recitation of facts is necessary for disposition of this appeal. On February 26, 2007, Plaintiff/Appellant Wilma Griffin ("Appellant") commenced this action in General Sessions Court against Defendant Appellee Campbell Clinic, P.A. ("Campbell Clinic"),

alleging damages due to the medical malpractice of one of Campbell Clinic's physicians. On May 15, 2007, judgment was entered in the General Sessions Court in favor of Campbell Clinic.

Appellant filed a notice of appeal of the General Sessions Court's ruling on May 16, 2007. On the same day, Appellant paid to the General Sessions Court clerk the standard filing fee for appeals pursuant to Tennessee Code Annotated Section 8-21-401(b)(1)(C)(i),[1] but did not post a surety bond in an amount uncertain. After a Motion for a More Definite Statement was filed by Campbell Clinic, a complaint was filed in the Circuit Court on August 24, 2007. Campbell Clinic answered on October 11, 2007.

The case proceeded typically for several years. On September 11, 2012, however, Campbell Clinic filed a Motion to Dismiss Appellant's Complaint, asserting that the Circuit Court never acquired jurisdiction because Appellant did not post a surety bond at the time the appeal was taken pursuant to Tennessee Code Annotated Section 27-5-103.[2] The trial court entered an order on November 15, 2012, dismissing the case for lack of subject matter jurisdiction. Appellant appeals, raising a single issue, as restated from her brief: whether the trial court erred in holding that paying a cash bond in an amount set forth in Tennessee Code Annotated Section 8-21-401 to perfect an appeal to Circuit Court does not satisfy the obligation to "give bond with good security . . . for the costs of the appeal" under Tennessee Code Annotated Section 27-5-103?[3]

---

[1] Tennessee Code Annotated Section 8-21-401(b)(1)(C) provides, in relevant part:

> (C) In the following specific types of civil actions, the clerk shall charge a standard court cost of one hundred fifty dollars ($150) at the institution of a case:
> (i) Appeals to the circuit or chancery court from juvenile court, general sessions court, probate courts, municipal courts or an administrative hearing; writs of certiorari from lower courts; or administrative hearings;
> . . . .

[2] Tennessee Code Annotated Section 27-5-103 provides:

> (a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.
> (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

[3] As stated above, this is a single issue case concerning the appeal of this case from the General
(continued...)

## II. Analysis

It is well settled that subject matter jurisdiction implicates a court's power to adjudicate a particular case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." *Earls*, 2011 WL 3481007, at *5 (citing *Brown v. Brown*, 198 Tenn. 600, 281 S.W.2d 492, 497 (Tenn. 1955)). When subject matter jurisdiction is questioned, we must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it. *Id.* (citing *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

The issue raised in this appeal was recently addressed in this Court's opinion, *Bernatsky v. Designer Baths & Kitchens*, L.L.C., No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013). In *Bernatsky*, as in the instant appeal, the parties appealed a General Sessions Court decision to the Circuit Court, paid "standard court cost" of the appeal under Tennessee Code Annotated Section 8-21-401(b)(1)(C)(i), but did not file an appeal bond pursuant to Section 27-5-103(a). The Circuit Court dismissed the appeal for lack of subject matter jurisdiction based on the appellants' failure to file an appeal bond

---

[3](...continued)
Sessions Court. However, the record in this case contains various unnecessary documents relating to discovery in the Circuit Court matter. Documents relating to discovery are specifically excluded by Tennessee Rule of Appellate Procedure 24(a), which provides, in relevant part, that:

> The following papers filed in the trial court **are excluded** from the record: (1) subpoenas or summonses for any witness or for any defendant when there is an appearance for such defendant; (2) **all papers relating to discovery, including depositions, interrogatories and answers thereto, reports of physical or mental examinations, requests to admit, and all notices, motions or orders relating thereto;** (3) any list from which jurors are selected; and (4) trial briefs; and (5) minutes of opening and closing of court. Any paper relating to discovery and offered in evidence for any purpose shall be clearly identified and treated as an exhibit. No paper need be included in the record more than once.

*Id*. (emphasis added). In designating the record, Appellant specifically requested that all papers filed in the trial court be included in the record on appeal, except "those specifically excluded" by Rule 24(a). Despite this directive, clearly excluded and irrelevant documents were included in the record.

under Section 27-5-103(a). ***Bernatsky***, 2013 WL 593911, at *2. The appellants appealed the dismissal to this Court.

In the ***Bernatsky*** appeal, this Court reversed the Circuit Court's dismissal of the appeal from General Sessions Court and specifically held that the payment of "standard court cost" under Section 8-21-401(b)(1)(C)(i) satisfied the requirement to give bond for the costs of the appeal to circuit court under Section 27-5-103(a). ***Bernatsky***, 2013 WL 593911, at *19. The ***Bernatsky*** holding was based upon this Court's conclusion that Section 27-5-103 is ambiguous because it is imprecise and could reasonably be interpreted in more than one way. ***Bernatsky***, 2013 WL 593911, at *7. Accordingly, we construed Section 27-5-103 and Section 8-21-401 together, and considered the language and legislative history of both statutes, as well as the relevant caselaw. After doing so, the ***Bernatsky*** Court held that giving a cash bond of $211.50, which included the $150 "standard court cost" for such appeals under Section 8-21-401(b)(1)(C)(i), satisfied the requirement in Section 27-5-103(a) to "give bond with good security . . . for the costs of the appeal." In reaching this conclusion, ***Bernatsky*** specifically overruled ***University Partners Development v. Bliss***, No. M2008-00020-COA-R3-CV, 2009 WL 112571 (Tenn. Ct. App. Jan. 14, 2009) and ***Jacob v. Partee***, No. W2012-00205-COA-R3-CV, 2012 WL 3249605 (Tenn. Ct. App. Aug 10, 2012), perm. app. denied (Tenn. Dec. 12, 2012). ***Bernatsky***, 2013 WL 593911, at *19 & n.21. Accordingly, ***Bernatsky*** reversed the Circuit Court's dismissal of the case and remanded for further proceedings. ***Id.***; *accord* ***Fields v. Williams***, No. W2012-01949-COA-R3-CV, 2013 WL 1845450 (Tenn. Ct. App. April 30, 2013); ***West v. AMISUB (SFH), Inc.***, No. W2012-00069-COA-R3CV, 2013 WL 1183074 (Tenn. Ct. App. March 21, 2013); ***Brown v. Shtaya***, No. W2012-00875-COA-R3-CV, 2013 WL 836949 (Tenn. Ct. App. March 6, 2013); ***Andrews v. Clemmer***, No. W2012-00986-COA-R3CV, 2013 WL 776073 (Tenn. Ct. App. Feb. 28, 2013); ***Meacham v. Starnes***, No. W2012-00192-COA-R3-CV, 2013 WL 760979, (Tenn. Ct. App. Feb. 27, 2013).

In light of this Court's opinion in ***Bernatsky***, and for the foregoing reasons, we conclude that the Circuit Court erred in determining that it lacked subject matter jurisdiction based on Appellant's failure to file a surety bond. The order of dismissal is reversed and the case is remanded for all further proceedings as may be necessary and are consistent with this Opinion. Costs of the appeal are assessed against the Appellee, Campbell Clinic P.A., for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

-4-