IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 4, 2025

## BRANDON SHANE WOOLEY v. DICKSON COUNTY, ET AL.

**Appeal from the Chancery Court for Dickson County**
**No. 2025-CV-29     Joshua Turnbow, Chancellor**

_____

### No. M2025-00607-COA-R3-CV

_____

This appeal concerns jail behavior credits.  Dickson County Jail inmate Brandon Shane Wooley ("Plaintiff") sued Dickson County and several officials ("Defendants") in the Chancery Court for Dickson County ("the Trial Court") alleging that he was wrongfully denied credits for good behavior.  When Defendants failed to respond within 30 days, Plaintiff moved for default judgment.  Defendants then filed a motion to dismiss for failure to state a claim.  The Trial Court denied Plaintiff's motion for default judgment.  In addition, the Trial Court held that it lacked subject matter jurisdiction to hear Plaintiff's complaint because Plaintiff failed to exhaust his administrative remedies.  The Trial Court stated, therefore, that it was unnecessary to address Defendants' motion to dismiss. Plaintiff appeals.  We vacate the Trial Court's holding that it lacked subject matter jurisdiction and remand for the Trial Court to determine whether Plaintiff exhausted his administrative remedies and what those remedies were.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Brandon Shane Wooley, Charlotte, Tennessee, Pro Se appellant.

Timothy V. Potter, Dickson, Tennessee, for the appellees, Dickson County, Tennessee, and, in their official capacities, Brian Cave, Jenifer Gonzales, Dewayne Hayes, Amber McCoy, and Ashley Whitworth.

# MEMORANDUM OPINION[1]

## Background

On February 13, 2025, Plaintiff, an inmate at Dickson County Jail, filed a lawsuit pro se against Defendants in the Trial Court requesting good behavior credits and that the jail revamp its policies denying behavior credits to inmates based on prior criminal history. Plaintiff also took issue with his classification. He further alleged violations of the Fifth, Eighth, and Fourteenth Amendments.

On March 17, 2025, by which point Defendants still had not responded to the complaint, Plaintiff filed a "motion for judgement [sic]"—in effect, a motion for default judgment. Plaintiff noted that Defendants had not responded to his complaint within 30 days. He asked the Trial Court to grant him 180 to 210 days credit on his current sentence and for the jail to stop using 20-year-old charges for his custody classification.

On March 20, 2025, Defendants filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim. Defendants argued, among other things, that "Plaintiff does not have a vested right to receive sentence reduction credits," observing that these "are awarded by the warden (or jailer) 'at the discretion of the responsible [jailer] in accordance with the criteria established by the department, and only after receipt by the [jailer] of written documentation evidencing the inmate's good institutional behavior or satisfactory program performance or both.' Tenn. Code Ann. § 41-21-236(a)(3)(A)." Defendants argued further that Plaintiff failed to allege any specific instances of sentence reduction credits being denied him; that he had articulated no constitutional violations; and that he had failed to substantiate his claimed violation regarding the classification of inmates.

On March 26, 2025, Plaintiff filed his "Rebuttal to Rule 12 Motion to Dismiss." Plaintiff asserted again that he has a right under Tenn. Code Ann. § 41-21-236 to receive credits for his good behavior. He also reiterated his view that his criminal history was wrongly used against him in his custody classification.

In April 2025, following a hearing, the Trial Court entered an order denying Plaintiff's motion for default judgment and dismissing Plaintiff's complaint without prejudice for lack of subject matter jurisdiction. Notably, Defendants did not raise failure

---

[1] Rule 10 of the Rules of the Tennessee Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

to exhaust administrative remedies in their motion to dismiss. In its order, the Trial Court stated:

> The matter of Plaintiff **Brandon Shane Wooley's** *Motion for Judgment* and the matter of Defendants' *Rule 12 Motion to Dismiss* came to be heard on the morning of April 1, 2025. Following arguments, the Court concluded that the Plaintiff's *Motion for Judgment* should be **DENIED.** The Plaintiff's *Complaint* was filed February 13, 2025. It is unclear from the record if all Defendants were served. The *Rule 12 Motion to Dismiss* was filed on March 20, 2025 on behalf of all Defendants. Said *Rule 12 Motion to Dismiss* is a permissive and an appropriate filing in lieu of a responsive pleading. The Court opines that it is preferable not to grant a default in order for cases to be heard on the merits. The Plaintiff's request for default is therefore **DENIED.**
>
> Regarding the Defendants' *Rule 12 Motion to Dismiss*, the Court is of the opinion that this Court lacks subject matter jurisdiction to hear the merits of this case. Specifically, it is the opinion of this Court that the Plaintiff has not properly exhausted administrative remedies in accordance with the Tennessee Uniform [Administrative] Procedures Act, Tenn. Code Ann. § 4-5-101, *et al*. A trial court has jurisdiction for pretrial credit, but lacks jurisdiction to review behavioral credits. A trial court may not rule on behavioral credit issues unless and until the appropriate administrative agency has reviewed the same. Therefore, the Plaintiff's *Complaint* is **DISMISSED** without prejudice. It is unnecessary to rule upon the Defendants' *Rule 12 Motion to Dismiss*. The costs of this cause are taxed to the Plaintiff.

Plaintiff timely appealed to this Court.

## Discussion

Although Plaintiff attempts to raise several issues on appeal, we restate and consolidate the dispositive issues into the following single issue: whether the Trial Court erred in holding that it lacked subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies.

Subject matter jurisdiction "relates to a court's power to adjudicate a particular type of controversy." *Graham v. Graham*, No. E2008-00180-COA-R3-CV, 2009 WL 167071, at *6 (Tenn. Ct. App. Jan. 26, 2009), *no appl. perm. appeal filed*. A trial court's ruling on whether subject matter exists is a question of law and, as such, is reviewed *de novo* without a presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn.

2000). The question of whether subject matter jurisdiction exists may be raised at any stage of litigation by the parties or on the court's own initiative. *Wilken v. Wilken*, No. W2012-00989-COA-R3-CV, 2012 WL 6727197, at *4 (Tenn. Ct. App. Dec. 27, 2012), *no appl. perm. appeal filed*.

In the case of *Douglas v. Strada*, No. W2024-00753-COA-R3-CV, 2024 WL 5115870 (Tenn. Ct. App. Dec. 16, 2024), *no appl. perm. appeal filed*, we explained that the doctrine of exhaustion of administrative remedies refers to the general requirement that a party pursue the administrative remedies available to them to their conclusion before filing suit. *Id*. at *2. Depending on whether the statute at issue requires the exhaustion of administrative remedies, the doctrine may be mandatory or discretionary. *Id*. When exhaustion of administrative remedies is required by statute, and thus mandatory, the issue may be raised at any time by the parties or by the court. *Id*. at *3. In general, however, the assertion that a party has failed to exhaust administrative remedies is an affirmative defense. *Id*. In *Douglas*, we found that the doctrine of exhaustion of administrative remedies was discretionary because the plaintiff in that case did not proceed on a statute mandating exhaustion of administrative remedies; that the defendants in that case did not timely raise failure to exhaust administrative remedies as an affirmative defense; and that, as that case was at the motion to dismiss stage, we were bound to accept the plaintiff's factual allegations as true. *Id*.

Regarding the administrative process in the present case, Plaintiff states in his brief that "Sheriff Tim Eads and the employees of jail exhaust that [administrative] process." He states further: "Admin process stops with Jail Administrator Dewayne Hayes and Sheriff Tim Eads. Administration of facility is responsible for policies and functions." In the Trial Court's final order, the Trial Court stated that "Plaintiff has not properly exhausted administrative remedies in accordance with the Tennessee Uniform [Administrative] Procedures Act, Tenn. Code Ann. § 4-5-101, *et al*." The Trial Court stated further that "[a] trial court may not rule on behavioral credit issues unless and until the appropriate administrative agency has reviewed the same." The Trial Court did not specify what administrative remedies Plaintiff failed to exhaust.

To be sure, Tennessee law reflects that an inmate must adhere to the Uniform Administrative Procedures Act when challenging the calculation of his or her sentence. Our Supreme Court has stated that "[a]n inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA." *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012). This involves petitioning the Tennessee Department of Correction ("TDOC") for a declaratory order. *Id*. Furthermore, "[i]n the absence of proof the inmate sought a declaratory order from TDOC, the Chancery Court lacks jurisdiction over an inmate's declaratory judgment action." *Id*. at 465. It is unclear from the Trial Court's order if this

procedure is what the court had in mind when it found that it lacked subject matter jurisdiction to hear Plaintiff's complaint. The Trial Court did not specify.

With respect to the administrative remedies issue, Defendants cite one case by this Court from 1996: *State v. White*, No. 01-A-01-9602-CH-00071, 1996 WL 230195, at *2 (Tenn. Ct. App. May 8, 1996), *no appl. perm. appeal filed* (setting out that the exhaustion of administrative remedies avoids premature interruption of the administrative process; allows the agency to apply its expertise and develop a record; and possibly eliminates complaints prior to judicial review). In *White*, the petitioner sought declaratory judgment regarding the calculation of his sentence. *Id*. at *1. The respondents filed a motion to dismiss, which the chancery court granted based on failure to exhaust administrative remedies. *Id*. at *1-2. The petitioner appealed, and we affirmed. *Id*. at *3. We reasoned:

> [T]he Department has not had the opportunity to address petitioner's complaint. If he has followed the procedure outlined in the correspondence to him, he has failed to provide the Department with any documentation of these attempts. Simply initiating the administrative process, as petitioner has done, is not the same as exhausting his administrative remedies. He must pursue his remedies through the Department to their conclusion.

*White*, 1996 WL 230195, at *2.

Here, Plaintiff alleged in his complaint that he was wrongfully denied credit for good behavior. Defendants filed a motion to dismiss arguing, among other things, that Plaintiff is not entitled to good behavior credit. In other words, Defendants addressed the merits of Plaintiff's allegations and contended that he failed to state a claim. Defendants never asserted in their motion to dismiss that Plaintiff failed to exhaust administrative remedies. Indeed, even on appeal, Defendants have never articulated exactly what administrative remedies Plaintiff failed to exhaust. The first mention of exhaustion of administrative remedies was in the Trial Court's order. While the Trial Court referenced the prospect of Plaintiff's behavior credits being reviewed by "the appropriate administrative agency," the Trial Court did not specify which agency—be it TDOC or something else—is the relevant one in this case. We do not even know from the sparse appellate record the details of Plaintiff's custody status.

Under these circumstances, and given this limited record, we cannot say whether Plaintiff has exhausted his administrative remedies or even what these remedies are supposed to be. We therefore vacate the Trial Court's judgment and remand for the Trial Court to determine whether Plaintiff exhausted his administrative remedies, whether the exhaustion of administrative remedies was mandatory in this case, and what those remedies were. If the Trial Court still determines that it lacks subject matter jurisdiction, it is to

dismiss the case on that basis alone. If, however, the Trial Court determines that it has subject matter jurisdiction, it is to consider Plaintiff's motion for default judgment and then, should it deny that, Defendants' motion to dismiss.

## **Conclusion**

We vacate the Trial Court's judgment. We remand for further proceedings consistent with this Opinion and collection of the costs below. The costs on appeal are assessed against the Appellee, Dickson County, Tennessee.

s/ D. Michael Swiney
D. MICHAEL SWINEY, CHIEF JUDGE