IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 13, 2012 Session

## JOHN CHARLES WILSON, ET AL. v. TENNESSEE DEPARTMENT OF TRANSPORTATION

**Direct Appeal from the Chancery Court for Davidson County**
**No. CH-10-1173-IV      Russell T. Perkins, Chancellor**

_____

**No. M2012-00675-COA-R3-CV - Filed January 17, 2013**

_____

The trial court dismissed Plaintiffs' declaratory judgment action for lack of subject matter jurisdiction. Plaintiffs' appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

William H. Thomas, Jr., Memphis, Tennessee, *Pro se.*

Robert E. Cooper, Attorney General and Reporter, and Bruce M. Butler, Assistant Attorney General, for the appellee, Tennessee Department of Transportation.

## MEMORANDUM OPINION[1]

### *Background*

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In 2008, William H. Thomas, Jr. ("Mr. Thomas") applied to the Tennessee Department of Transportation ("TDOT") for billboard permits at three locations on properties he leased from John Charles Wilson ("Mr. Wilson") (collectively with Mr. Thomas as "Plaintiffs"). After TDOT denied the permits for failing to meet zoning requirements, Mr. Thomas continued with construction of the billboards. Thereafter, Mr. Thomas filed a request for a contested case hearing under the Uniform Administrative Procedures Act ("UAPA"), Tennessee Code Annotated section 4–5–101 et seq., regarding one of the three locations. The request for an administrative hearing was granted, heard and decided by TDOT. Mr. Thomas then filed a petition for judicial review of TDOT's decision pursuant to Tennessee Code Annotated section 4-5-322 in the Chancery Court of Davidson County. The petition was heard and decided adversely to Mr. Thomas, and he appealed. That matter is currently pending on appeal to this Court.

On July 22, 2010, Plaintiffs filed a complaint for declaratory judgment concerning TDOT's denial of the two remaining billboard permits. In response, TDOT filed a motion to dismiss arguing that a direct action for declaratory judgment was improper because the Plaintiffs failed to petition TDOT for a declaratory order as required under the UAPA. Before a hearing was held on TDOT's motion to dismiss, the trial court granted Plaintiffs' motion to amend their complaint to include the denial of other billboard permits on the property of Kate Bond. According to the record, following the denial of the billboard permits on the Kate Bond property, Plaintiffs requested a contested case hearing under the UAPA. While that matter was pending before an Administrative Law Judge ("ALJ"), Plaintiffs filed their amended complaint to include those permit denials as part of this action. In response, the ALJ placed a stay on the administrative proceedings, and those proceedings have not yet been concluded. Thereafter, TDOT filed a motion to dismiss the amended complaint, again arguing that a direct action for declaratory judgment was improper because the Plaintiffs failed to petition TDOT for a declaratory order as required under the UAPA. On March 19, 2012, after conducting a hearing on TDOT's motion to dismiss, the trial court entered an order dismissing the action for lack of subject matter jurisdiction based upon the doctrine of sovereign immunity and the Tennessee Supreme Court's decision in *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827 (Tenn. 2008).[2] Plaintiffs timely filed a notice of appeal to this Court.

---

[2]In *Colonial Pipeline*, the Tennessee Supreme Court held that "(1) a party making a constitutional challenge to the facial validity of a statute need not exhaust its administrative remedies, and that (2) the doctrine of sovereign immunity does not bar a suit for declaratory judgment asking state officers to be enjoined from enforcing such a statute so long as the action does not seek money damages." *Id.* at 832.

*Discussion*

The sole issue presented for our review is whether, in light of Plaintiffs' failure to petition TDOT for a declaratory order under the UAPA, the trial court erred in dismissing Plaintiffs' declaratory judgment action for lack of subject matter jurisdiction. Subject matter jurisdiction involves a tribunal's lawful authority to adjudicate the controversy brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). The subject matter jurisdiction of a tribunal in a particular case depends on the nature of the cause of action and the relief sought, *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994); *SunTrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000), and can only be conferred on a tribunal by the Constitution of Tennessee or a legislative act. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Since the determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, with no presumption of correctness given to the decision below. *Northland Ins. Co.*, 33 S.W.3d at 729 (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

As this Court discussed in *State ex rel. Comm'r of Dep't of Transp. v. Thomas*, 336 S.W.3d 588 (Tenn. Ct. App. 2010):

> By statute, [TDOT], by and through its Beautification Division, is charged with the responsibility for overseeing Tennessee's requirements and regulations for erecting and maintaining outdoor advertising, commonly referred to as billboards. The Billboard Regulation and Control Act of 1972, codified at Tennessee Code Annotated § 54–21–101 et seq. ("the Act"), governs the construction, operation, and maintenance of billboards adjacent to interstate or primary highway systems in Tennessee. TDOT enforces the Act through the Rules of the Tennessee Department of Transportation ("TDOT Rules"), Chapter 1680–02–03, and in accordance with the applicable federal regulations, 23 C.F.R. § 750, Subpart G, Outdoor Advertising Control.
>
> Under the Act, no person may construct, erect, or operate a billboard adjacent to an interstate or primary highway without a State permit. T.C.A. § 54–21–104(a) (Supp.2009). To qualify for a State billboard permit, an applicant must satisfy the TDOT and federal regulations in four general categories: zoning of the site, spacing from the nearest existing billboard, size of the structure, and the lighting of the structure. *See* TDOT Rules, Chapter 1680–02–03–.03.

Permit applications are made to the TDOT Commission or through the Beautification Division. *Id.* at 1680–02–03–.03(1)(a)(6). An applicant who is denied a permit may request an administrative hearing. *Id.* at 1680–02–03–.03(1)(a)(10). The administrative proceedings are conducted pursuant to the [UAPA], Tennessee Code Annotated § 4–5–101 et seq., and the rules of the Administrative Division of the Tennessee Department of State. *Id.*

*Id.* at 591-92.

A person dissatisfied with TDOT's denial of a billboard permit may challenge the denial, but the challenge must comply with the provision of the UAPA. Before filing a direct action for a declaratory judgment, a person must first petition TDOT for a declaratory order. Tenn. Code Ann. § 4–5–223(a) ("Any affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency."). Upon receipt of the petition, TDOT must either convene a contested case hearing and issue a declaratory order or refuse to issue a declaratory order. *See* Tenn. Code Ann. § 4-5-223(a)(1)–(2). Thereafter, if TDOT chooses not to convene a contested case hearing or refuses to issue a declaratory order, a person may obtain judicial review by seeking a declaratory judgment in the Chancery Court of Davidson County. Tenn. Code Ann. §§ 4–5–223(a)(2), –225(a). The UAPA does not permit a person to seek a declaratory judgment in the Chancery Court, however, unless the person has first petitioned TDOT for a declaratory order and been refused. Tenn. Code Ann. § 4–5–225(b); *see also Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 842 (Tenn. 2008) ("In no uncertain terms, [section 4–5–225(b)] requires a prospective plaintiff to make a request for a declaratory order with an agency before bringing an action for a declaratory judgment in the Chancery Court."). Accordingly, in the absence of proof that a person sought a declaratory order from TDOT, the Chancery Court lacks subject matter jurisdiction over a person's declaratory judgment action.

Plaintiffs do not dispute that they failed to petition TDOT for a declaratory order under the UAPA regarding the billboard permits at issue in this case. Instead, Plaintiffs argue that TDOT was required to first file a declaratory judgment action in the county where the properties are located for a determination of whether the local zoning ordinances were valid before it refused to issue the billboard permits. Because TDOT failed to do so before denying Plaintiffs' billboard permits, Plaintiffs argue that TDOT's implementation of its zoning rules is unconstitutional. Thus, Plaintiffs' insist that they did not have to petition TDOT for a declaratory order under the UAPA before seeking a declaratory judgment in the Chancery Court challenging the constitutionality of TDOT's actions. We disagree.

-4-

As explained by our Supreme Court in *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827 (Tenn. 2008):

> Administrative tribunals do not lack the authority to decide every constitutional issue. It is essential, however, to distinguish between the various types of constitutional issues that may arise in the administrative context. In *Richardson* [*v. Board of Dentistry*, 913 S.W.2d 446 (Tenn.1995)], we developed three broad categories of constitutional disputes: (1) challenging the facial constitutionality of a statute authorizing an agency to act or rule, (2) challenging the agency's application of a statute or rule as unconstitutional, or (3) challenging the constitutionality of the procedure used by an agency. *Id.* at 454–55. Administrative tribunals have the power to decide constitutional issues falling into the second and third categories, but the first category falls exclusively within the ambit of the judicial branch. *Id.* The separation of powers clause reserves for the judiciary constitutional challenges to the facial validity of a statute. *Id.* (citing *Hoover Motor Exp. Co., Inc. v. R.R. & Pub. Util. Comm'n*, 195 Tenn. 593, 261 S.W.2d 233, 238 (1953); *Pharr v. Nashville, C., & St. L. Ry.*, 186 Tenn. 154, 208 S.W.2d 1013, 1017 (1948)).

*Id.* at 843. Although it is difficult to discern the basis of Plaintiffs' constitutional challenge, it is clear that they are not challenging the facial constitutionality of a statute. In our opinion, it appears that Plaintiffs' argument targets TDOT's implementation of its zoning rules. Since Plaintiffs argument challenges either TDOT's application of its zoning rules or the procedure used by TDOT in making billboard permit decisions, they must first comply with the provisions of the UAPA. *See Colonial Pipeline Co.*, 263 S.W.3d 827, 842 (Tenn. 2008) ("In no uncertain terms, [section 4–5–225(b)] requires a prospective plaintiff to make a request for a declaratory order with an agency before bringing an action for a declaratory judgment in the Chancery Court."). In light of Plaintiffs' failure to petition TDOT for a declaratory order under the UAPA, the Chancery Court lacked subject matter jurisdiction over Plaintiffs' declaratory judgment action. Accordingly, we affirm the judgment of the trial court.

### *Conclusion*

For the foregoing reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to the Appellant, William H. Thomas, Jr., and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE