IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 13, 2019 Session

## JONATHAN M. THOMAS v. KEVIN MILLEN

**Appeal from the Circuit Court for Shelby County**
**No. CT-002537-18  James F. Russell, Judge**

_____

**No. W2019-00086-COA-R3-CV**

_____

Tenant appeals the dismissal of his appeal from general sessions court for failure to post a bond constituting one year's rent. Because the posting of a bond constituting one year's rent is non-jurisdictional, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ROBERT E. LEE DAVIES, SR. J., joined. KENNY ARMSTRONG, J., not participating.

Kevin Millen, Memphis, Tennessee, Pro se.

## MEMORANDUM OPINION[1]

### I. BACKGROUND

Plaintiff Jonathan M. Thomas ("Plaintiff") filed a detainer warrant against Defendant/Appellant Kevin Millen in Shelby County General Sessions Court on May 8, 2018. Plaintiff sought possession of a Memphis apartment owned by Plaintiff but rented by Mr. Millen after Mr. Millen allegedly failed to pay rent. Plaintiff was granted possession of the property pursuant to a detainer warrant issued on May 23, 2018. A judgment was also awarded against Mr. Millen for $1,370.00. The next day, Mr. Millen filed a notice of appeal to the Shelby County Circuit Court ("the trial court").

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Millen filed a multitude of pleadings in the trial court. As is relevant to this appeal, Plaintiff eventually filed a motion to dismiss the appeal because Mr. Millen "failed to post the statutory bond equal to one year's rent of the premises" under Tennessee Code Annotated section 29-18-130(b)(2) and Rule 62.05 of the Tennessee Rules of Civil Procedure.[2] In particular, Plaintiff alleged because Mr. Millen failed to post the statutory possession bond, his appeal had not been perfected and should be dismissed. Mr. Millen responded with a response he captioned as a "Quick Rebuttal of the Bogus Order of Dismissal[.]"

On January 11, 2019, the trial court entered a written order dismissing the case. Therein, the trial court found that Mr. Millen was required to post a bond pursuant to section 29-18-130(b)(2) and Rule 62.05 but failed to do so. As such, the trial court ruled that Mr. Millen failed to perfect its appeal and it must be dismissed. Mr. Millen thereafter filed a timely notice of appeal to this Court.

## II. DISCUSSION

---

[2] In support, Plaintiff relied on language from the Tennessee Supreme Court differentiating between the appellate cost bond and the possession bond. *See* ***Johnson v. Hopkins***, 432 S.W.3d 840, 849 (Tenn. 2013). Despite recognizing that distinction, the language cited by Plaintiff concerns the appellate cost bond, rather than the possession bond that Plaintiff alleged had not been made in this case.

Plaintiff did not cite any law stating that the bond required by Rule 62.05 was necessary to perfect an appeal. Rather, Rule 62.05 provides in relevant part as follows:

A bond for stay shall have sufficient surety and:

\* \* \*

(2) if an appeal is from a judgment ordering the assignment, sale, delivery or possession of personal or real property, the bond shall be conditioned to secure obedience of the judgment and payment for the use, occupancy, detention and damage or waste of the property from the time of appeal until delivery of possession of the property and costs on appeal. If the appellant places personal property in the custody of an officer designated by the court, such fact shall be considered by the court in fixing the amount of the bond. A party may proceed as an indigent person without giving any security as provided in Rule 18 of the Tennessee Rules of Appellate Procedure. Upon motion submitted to the trial court and for good cause shown, the bond for stay may be set in an amount less than that called for in the first sentence of this section of this rule. In ruling on such a motion, the trial court may consider all appropriate factors including, but not limited to, the appealing party's financial condition and the amount of the appealing party's insurance coverage, if any. If the motion is granted, the party may obtain a stay by giving such security as the court deems proper. If leave to obtain a stay required by this rule is denied, the court shall state in writing the reasons for denial.

As clearly stated in subsection (2), the bond required under this rule is excused in cases of indigence. Mr. Millen was declared indigent in the general sessions court.

Mr. Millen raises a number of arguments in his appeal, many of which are, unfortunately, unintelligible. For example, Mr. Millen's stated issue constitutes a single paragraph spanning two full pages. Still, Mr. Millen is representing himself *pro se* before this Court and therefore is entitled to some leeway in his pleadings. As this Court has explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003) (citations omitted). Despite this leeway, we have on occasion dismissed appeals filed by *pro se* litigants that failed to substantially comply with the briefing requirements set by this Court. *See, e.g., Doe v. Davis*, No. M2018-02001-COA-R3-CV, 2019 WL 4247753 (Tenn. Ct. App. Sept. 6, 2019); *Chiozza v. Chiozza*, 315 S.W.3d 482 (Tenn. Ct. App. 2009).

Mr. Millen's brief is not fully compliant with the briefing requirements set by the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 27(a) (setting forth the briefing requirements). For example, Mr. Millen's brief contains no references to the record on appeal. His brief, however, does contain the appropriate sections and references to legal authorities. Moreover, from our review of the trial court's order, a single legal question is presented by this appeal: whether the trial court correctly dismissed Mr. Millen's appeal from general sessions court for failure to post a bond pursuant to Tennessee Code Annotated section 29-18-130(b)(2). This issue concerns the trial court's subject matter jurisdiction. Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court is required to consider "whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]" As such, pursuant to the mandate of Rule 13, we will consider the single issue presented in this appeal notwithstanding the somewhat deficient state of Mr. Millen's appellate brief.

Here, the trial court dismissed Mr. Millen's appeal solely on the basis that his appeal was not perfected, as he stayed in possession of the property but did not post a bond of one year's rent pursuant to section 29-18-130(b)(2). We review the trial court's decision to grant a motion to dismiss for lack of subject matter jurisdiction de novo with no presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). According to section 29-18-130(b)(2),

In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, subdivision (b)(1) shall not apply. In that case, if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The plaintiff shall not be required to post a bond to obtain possession in the event the defendant appeals without complying with this section. The plaintiff shall be entitled to interest on the judgment, which shall accrue from the date of the judgment in the event the defendant's appeal shall fail.

Although there was some disagreement in the Court of Appeals as to whether this bond was jurisdictional when a tenant maintains possession of the disputed property, this Court recently issued an opinion firmly establishing that the failure to post a bond under section 29-18-130(b)(2) does not deprive the circuit court of subject matter jurisdiction to consider an appeal of a detainer action. *See* **Belgravia Square, LLC v. White**, No. W2018-02196-COA-R3-CV, 2019 WL 5837589, at *4 (Tenn. Ct. App. Nov. 7, 2019). In support, the court in **Belgravia Square** noted that the Tennessee Supreme Court has described the section 29-18-130(b)(2) bond as "non-jurisdictional." *Id.* (quoting **Johnson v. Hopkins**, 432 S.W.3d 840, 849 (Tenn. 2013) (noting that section 29-18-130(b)(2) merely supplements, and therefore is harmonious with, Rule 62.05)). As such, other panels of this court have concluded that even where a tenant remains in possession of the property, the failure to post the section 29-18-130(b)(2) bond does not deprive a trial court of jurisdiction to hear the tenant's appeal from general sessions court. **Rentals v. Appelt**, No. E2017-01565-COA-R3-CV, 2018 WL 3701826, at *3 (Tenn. Ct. App. Aug. 3, 2018);[3] **McLucas v. Nance**, No. M2015-00642-COA-R3-CV, 2015 WL 5936935, at *3 (Tenn. Ct. App. Oct. 12, 2015) ("Tenant's failure to file a bond in the amount of one year's rent did not prevent him from perfecting his appeal to circuit court."); **Valley View Mobile Home Parks, LLC v. Layman Lessons, Inc.**, No. M2007-01291-COA-R3-CV, 2008 WL 2219253, at *3 (Tenn. Ct. App. May 27, 2008) ("To the extent the Trial Court construed and applied Tenn. Code Ann. § 29-18-130(b)(2) as requiring Tenant to post a bond in the amount specified as a condition of prosecuting the appeal, it committed

---

[3] The **Rentals** opinion specifically disavowed an earlier opinion that came to an opposite conclusion. *See* **Crye-Leike Prop. Mgmt. v. Dalton**, No. W2015-02437-COA-R3-CV, 2016 WL 4771769 (Tenn. Ct. App. Sept. 12, 2016). Both **Belgravia Square** and **Crye-Leike** were written by the same author; as such, it appears that the approach taken in **Belgravia Square** and **Rentals** is now the prevailing view among Tennessee courts.

error.") Thus, "[t]he statute and case law make clear that a possessory tenant's failure to file a bond in the amount of one year's rent does not prevent that tenant from perfecting his or her appeal to circuit court." ***Belgravia Square***, 2019 WL 5837589, at \*4.

Here, the trial court dismissed Mr. Millen's appeal on the basis that he did not perfect his appeal by filing a bond in the amount of one year's rent pursuant to section 29-18-130(b)(2) and Rule 62.05. Current caselaw suggests that this ruling was clearly in error. ***Id.*** Moreover, Plaintiff has chosen not to participate in this appeal so as to question the reasoning of ***Belgravia Square***. As succinctly stated by the ***Belgravia Square*** panel, "[b]ecause the Tennessee Code Annotated section 29-18-130(b) bond is non-jurisdictional, the trial court erred in dismissing [Mr. Millen's] appeal although he remained in possession of the [p]roperty." ***Id.*** at \*4.

### III. CONCLUSION

The judgment of the Shelby County Circuit Court is reversed and this cause is remanded for further proceedings. Costs of this appeal are taxed to Plaintiff Jonathan M. Thomas.

_____
J. STEVEN STAFFORD, JUDGE