# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 1, 2020

## JABARI ISSA MANDELA A/K/A JOHN WOODEN v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Circuit Court for Lake County**
**No. 18-CV-613      R. Lee Moore, Jr., Judge**

_____

### No. W2019-01171-COA-R3-CV

_____

This appeal arises from a petition for writ of certiorari filed by a prisoner, Jabari Issa Mandela a/k/a John Wooden ("Petitioner"), seeking relief pursuant not only to a writ of certiorari but also including in his petition an action seeking damages pursuant to 42 U.S.C. § 1983 due to an alleged violation of his constitutional rights. Following the respondents' motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(1) and (6) and Petitioner's response thereto, the Trial Court dismissed Petitioners' original civil rights cause of action, filed pursuant to section 1983, due to its impermissible joinder with an appellate cause of action. The Trial Court further granted the motion to dismiss as to the writ of certiorari, in part, because Petitioner had failed to exhaust his administrative remedies. Because Petitioner has failed to comply with Tennessee Rule of Appellate Procedure 27 by not presenting an argument concerning whether he had exhausted his administrative remedies prior to filing his petition for writ of certiorari, he has waived this issue on appeal. As such, the Trial Court's dismissal of the petition is affirmed. Petitioner also raises an issue concerning the amount of filing fees he was required to pay by the Trial Court to initiate the current action. On remand, the Trial Court shall revisit its order regarding the amount of filing fees to determine compliance with Tennessee Code Annotated § 8-21-401.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Jabari Issa Mandela a/k/a John Wooden, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andree S. Blumstein, Solicitor General; and Eric A. Fuller, Assistant Attorney General, for the appellees, the Tennessee Department of Correction, Debra Johnson, Shawn Phillips, Captain Justin Lannon, Sergeant Rogers, Sergeant Phillip Ward, Sergeant Dustin Ward, Sergeant Page, Bradley Canada, Sonya Little, Dawn Gifford, John Ross, Russell Stray, and Sergeant Young.

**OPINION**

**Background**

In November 2018, Petitioner filed a petition for writ of certiorari in the Lake County Circuit Court ("Trial Court"). Petitioner listed as respondents the Tennessee Department of Correction ("TDOC"), Debra Johnson, Shawn Phillips, Captain Justin Lannon, Sergeant Rogers, Sergeant Phillip Ward, Sergeant Dustin Ward, Sergeant Page, Bradley Canada, Sonya Little, Dawn Gifford, John Ross, Russell Stray, and Sergeant Young (collectively, "Respondents"). In his petition, Petitioner requested damages, declaratory relief, and an injunction as redress for alleged violations of his rights secured by the First and Fourteenth Amendments of the United States Constitution. The petition included an original civil rights cause of action filed pursuant to 42 U.S.C. § 1983, as well as his petition for writ of certiorari "upon grounds that the Department failed to conduct the classification and disciplinary proceedings in compliance with its own written policies and procedures regarding his placement in segregation, transferring him to a different facility and requiring his assignment in the that [sic] facility's security management unit housing operations."

Petitioner concomitantly filed an inmate affidavit in compliance with Tennessee Code Annotated §§ 41-21-805 and -806. He filed an affidavit of indigency and a pauper's oath. The Trial Court subsequently entered an order allowing Petitioner to file his action with his pauper's oath. The Trial Court entered an order establishing Petitioner's filing fees. This order states, in part: "The petitioner has filed a complaint and an affidavit of inability to pay pursuant to T.C.A. 41-21-805. The filing fees are $897.50."

In February 2019, Respondents filed a motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02(1) and (6), requesting that Petitioner's complaint be dismissed due to lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Respondents argued in their motion that (1) Petitioner had impermissibly joined an appellate cause of action with an original cause of action, (2) his 42 U.S.C. § 1983 claims were untimely, (3) Petitioner's claims involving decisions by committees other than the disciplinary board were not permitted by the writ of certiorari action, (4) Petitioner had not named as a respondent either the disciplinary board or any member thereof, (5) the petition was not properly verified and was time barred, and (6)

- 2 -

Petitioner failed to request remand for a new disciplinary hearing as part of his request for injunctive relief. Petitioner subsequently filed his response to the motion to dismiss in May 2019, disagreeing with the assertions in Respondents' motion and asking the Trial Court to deny the motion to dismiss his petition.

Upon consideration of the motion to dismiss and Petitioner's response thereto, the Trial Court entered an order in May 2019, ruling as follows:

> On November 2, 2018, the plaintiff filed "Complaint For Violation Of Civil Rights And Petition For Common Law Writ Of Certiorari." The plaintiff regularly files suits against employees of the Tennessee Department of Corrections (TDOC). He has filed suit previously in the Circuit Court for Lake County. He has other cases in other jurisdictions pending at the present time.
>
> The plaintiff alleges violations of the First and Fourteenth Amendments to the United States Constitution. He claims that certain defendants have engaged in conduct to abridge his effective right of access to courts that defendants have retaliated against him. He claims that the common law Writ of Certiorari is based upon grounds that the TDOC failed to conduct the classification and disciplinary proceedings in compliance with its own written policies and procedures regarding his placement in segregation and in transferring him to different facilities. He claims that TDOC required that he be assigned to a facility security management unit housing operations. He claims that prior to November 7, 2017, he had gathered sworn statements and other documents from inmates and the TDOC staff to prepare to respond to Motions for Summary Judgment. Evidently, he was alleging in other cases that he failed to receive a nutritious adequate diet and that he was falsely charged with not picking up trays. He alleges that there was a pattern of harassment and retaliation against him for exercising his constitutional right to file grievances. He claims to have drafted complaints to the Department of Justice on behalf of prisoners at TDOC regarding the alleged abusive treatment. The plaintiff complains that staff members were not logging contraband in the institution's evidence room and that the defendants would routinely re-issue appliances and cell phones to certain inmates to be used for barter bribes. He also claims similar schemes in handling weapons. These were generalized complaints without naming any particular people in TDOC.
>
> He alleges that on November 7, 2017, that defendants Rogers, Ward and Ross were signed to search plaintiff's assigned room. He complains that the guards did not provide him with a copy of an Authorization to Search

- 3 -

Form CR-2156. He claims that the guards gave him an ultimatum to strip or go to the hole. Plaintiff stated he submitted to the search including a body cavity search. Plaintiff stated he was required to submit to a rectal inspection and that defendant, Rogers, touched his anus with some form of instrument. He claims that the guards did not have the proper authorization to conduct a body cavity search. He claims that the search of toilet compartment areas left toilet water spilled on the floor that damaged some of his personal property. He claims that defendants issued a false disciplinary report for a cellular phone that they allegedly found. He claims further that another phone was found, and the defendants did not issue a disciplinary report on his roommate.

He claims that on August 8, 2018, he returned to his housing unit from the library and he was instructed to pack his personal belongings to move to a different unit for security purposes. He claims that he has been stigmatized because he has been labeled as a homosexual.

He claims that on August 9, 2018, he attended an inmate counsel meeting where defendant, Phillips, allegedly stated that he was restricted the right of free expression to send outgoing mail to TDOC prison officials concerning dissatisfaction with the matter in which the staff operated the facility. He claims that defendant, Phillips, was resentful towards him for forwarding copies of letters to his TDOC supervisors in that Phillips openly showed hostility towards him.

He claims that defendant, Lannon, had stopped him and asked him to remove a strip of white typing paper that was taped to his wrist as a band-aid because the nurse at the medical window would not give him a band-aid to cover the scratch or insect bite that appeared to [be] infected. He claims that on August 17, 2018, Phillips and Johnson directed Rogers to arrange for a security transfer of the plaintiff. He claims that on August 17, during a facility count procedure that defendant, Canada, escorted him to his office in handcuffs and told him that there was a re-classification for a security transfer to M.C.C.X. He claims that he later reviewed an offender classification summary and refused to sign the summary because he had made a request for two missing panel members to be present for his classification. He claims to have requested a full panel to be present on August 20, 2018, for a re-classification hearing. He alleges that the summary did not show a full panel. He complains further that defendants Canada and Stray refused to ask certain questions and canceled the question and answer session. He complains that when he asked for an appeal form dealing with the classification issue that the defendants refused to give him a copy of the classification policies to

- 4 -

review. He alleges that upon returning to his cell, defendant, Page, advised him that he had a pending disciplinary case where he had been charged with contraband on August 9, 2018. He claims that defendant, Page, gave him a verbal warning if the plaintiff would sign off on it. He states that he did sign off on two sections of a pre-printed form indicating that he was waiving the reporting official and witnesses on his behalf. He alleges that the TOMIS report later showed that he pled guilty to a Class C felony of having contraband and was sentenced to five days in the hole. He claims that the defendants violated the uniform disciplinary procedures by prematurely providing him with an option to waive the right to a formal disciplinary hearing. He thereafter claims that he completed an appeal referring only to the CAF score based upon what defendant, Canada, had said about reference to classification policies. He alleges that he was transferred on August 24, 2018, to M.C.C.X. and placed in a facility security management unit housing operations.

The plaintiff claims that his grounds for the common law certiorari based [on] the classification committee's failure to comply substantially with TDOC classification policies. He states that on September 27, 2018, he completed a classification appeal to be forwarded to the Director of Classification. He claims that he has filed grievances during the alleged acts. He claims that he has filed an administrative appeal concerning those claims and has otherwise exhausted all administrative remedies. He claims that defendants, Rogers, Ward and Ross have conspired against him and singled him out for acts of discrimination, harassment and punishment and malicious treatment depriving him of his First and Fourteenth Amendment Rights. He claims that these defendants have intentionally filed false disciplinary charges against him. He alleges that Johnson, Philips, Lannon, Rogers, Ward, Page, Canada, Little, Gifford, Stray and Young have singled him out for acts of discrimination and harassment vindictive treatment.

The plaintiff seeks injunction against Johnson and Phillips or their agents. He alleges that he should be transferred to Northwest Correctional Complex and reassigned to his former housing unit on his prior status on roles for privileges and jobs. He asked that he be awarded any pay and sentence credits that he may have lost as a result of the placement in segregation and subsequent transfer. He seeks compensatory damages of $50,000 and punitive damages of $75,000.

The State has filed a Rule 12 Motion to Dismiss claiming that the plaintiff has impermissibly joined a Petition for Writ of Certiorari in the form of an appellate cause of action with his original cause of action brought under

42 U.S.C. § 1983. The State claims that the § 1983 claim is barred by the statute of limitations. The motion also states that the Petition for Certiorari seeks review of actions and decisions to the prison classification committee in reviewing his request for protective custody along with possibly the grievance committee and the prison disciplinary board. The State's Rule 12 Motion claims that a writ of certiorari only permits review of judicial or quasi judicial functions which would exclude all of the claims made by the plaintiff in his Petition for Certiorari with the exception of the disciplinary proceedings. The State's motion claims that the prison disciplinary board or any member has not been named as a respondent to this case. The State claims that the Petition for Certiorari is not properly verified and also appears to be time barred.

The plaintiff filed a response or reply to the defendants' Motion to Dismiss on May 13, 2019. The Court finds that the plaintiff has impermissibly joined an appellate cause of action (a Petition for Writ of Certiorari) with an original cause of action under 42 U.S.C. § 1983. The original claim based on 42 U.S.C. § 1983, is therefore, dismissed. The State also argues that it is time barred. The Court has a difficult time in determining when the cause of action accrued although it appears to be in early November of 2017. The complaint was filed on November 2, 2018. The Court does not understand the State's claim that this complaint is time barred based on any claims arising prior to one year from February 19, 2019. Consequently, the Court denies the Motion to Dismiss based on statute of limitations. The majority of the claims in the Petition for Certiorari appear to be against individual staff members. It does not appear to ask this Court for a ruling on a decision made by any TDOC Board. Consequently, the plaintiff has not exhausted all of his administrative remedies. The Petition for Writ of Certiorari is also dismissed.

Furthermore, from reviewing the material in the file, the Court finds that the claim is frivolous. All filing fees, court costs and other related expenses in accordance with T.C.A. § 41-21-807 are assessed against the plaintiff.

Petitioner timely appealed the Trial Court's judgment to this Court.

## Discussion

Petitioner raises the following issues for our review on appeal: (1) whether the Trial Court erred by ordering that Petitioner pay higher filing fees than what is permitted by statute and (2) whether the Trial Court erred in dismissing Petitioner's petition for writ of

- 6 -

certiorari. Respondents raise an additional issue of whether Petitioner has waived any issues not raised in his principal brief.

Concerning a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(1), our Supreme Court has stated:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.,* 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan,* 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones,* 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane,* 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State,* 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co. v. State,* 33 S.W.3d 727, 729 (Tenn. 2000).

Additionally, regarding a Rule 12.02(6) motion to dismiss, our Supreme Court has instructed:

> A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).
>
> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328

S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

Petitioner is representing himself on appeal. With respect to the level of deference we extend pro se litigants, this Court has stated:

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d [649,] 652 [(Tenn. Ct. App. 1988)]. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

*Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Because Petitioner impermissibly joined an original cause of action with his petition for writ of certiorari, the Trial Court in this case dismissed Petitioner's civil rights claim, which was filed pursuant to 42 U.S.C. § 1983. Respondents argue in their brief that the Trial Court was correct in dismissing the original claim for this reason.

It is well settled that it is impermissible for a petitioner seeking appellate relief, such as a petition for writ of certiorari, to join the appellate action with an original action in the trial court. *See Duracap Asphalt Paving Co. Inc. v. City of Oak Ridge*, 574 S.W.3d 859, 862 (Tenn. Ct. App. 2018); *Watson v. City of LaVergne*, No. M2006-00351-COA-R3-CV, 2007 WL 1341767, at *4 (Tenn. Ct. App. May 7, 2007) ("Where an original action for damages has been joined with a petition for writ of certiorari, the claim for damages should be dismissed at the very outset." (citing *State ex rel. Byram v. City of Brentwood*, 833

S.W.2d 500, 502 (Tenn. Ct. App. 1991) and *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383, 387 (Tenn. Ct. App. 1983))). We find no error in the Trial Court's dismissal of the section 1983 claim.

Petitioner has stated as an issue for our review whether the Trial Court erred by dismissing his petition for writ of certiorari. As to Petitioner's appellate action for writ of certiorari, the Trial Court recognized that Petitioner had made claims against several staff members and had not appealed a decision from a board. The Trial Court, therefore, dismissed the action because Petitioner had "not exhausted all of his administrative remedies."

Concerning whether a petitioner must exhaust administrative remedies prior to the filing of a petition for writ of certiorari, our Supreme Court has stated:

> It is a settled rule in this State and is the general rule in other jurisdictions that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. Of course, the mere initiation of the prescribed administrative procedure is not a compliance with this rule; the administrative remedy must be pursued to an appropriate conclusion, it must be exhausted. The courts will not interfere at intermediate stages of an administrative proceeding.

*Barret v. Olsen*, 656 S.W.2d 373, 375 (Tenn. 1983) (quoting *Bracey v. Woods*, 571 S.W.2d 828, 829 (Tenn. 1978)) (other internal citations omitted). This Court subsequently applied the reasoning in *Barret* to a petition for writ of certiorari filed by an inmate seeking review of disciplinary proceedings. *See Goodwin v. Turney Ctr. Disciplinary Bd.*, No. M2010-02003-COA-R3-CV, 2011 WL 1661606, at *1 (Tenn. Ct. App. Apr. 29, 2011).

Petitioner states generally in his brief that the Trial Court erred by dismissing his petition for writ of certiorari on the grounds that he had not exhausted his administrative remedies and that his allegations had not involved a TDOC board. According to Petitioner, the Trial Court "misapplied controlling legal principles and made an erroneous assessment of the evidence" in its decision not to grant the writ of certiorari. Petitioner then cites to general law concerning writs of certiorari, in which he included a statement and supportive authority that "in appropriate circumstances, the common law writ of certiorari may be used to seek judicial review of a decision made by a single administrator, where there was no involvement by a board or tribunal, and where no formal adjudicative hearing occurred." Petitioner did not further explain whether this case involved one of those "appropriate circumstances."

In the argument section of his principal brief, Petitioner further includes three sentences in his principal brief explaining generally the appointment of the disciplinary

board and the disciplinary hearing officer, as well as citations to related TDOC policy. Specifically, Petitioner states as follows concerning this issue:

> With respect to the trial court's findings that the board was not involved in the disciplinary proceedings, appellant submits that the Uniform Disciplinary Procedures authorizes the warden to appoint a minimum of six institutional employees to serve as members of the disciplinary board to hear all Class A disciplinary offenses and Class B offenses for which accumulated sentence credits may be taken. [TDOC Policy No. 502.01(V)], TDOC policy 502.01(VI)(A.)(1.). The warden shall designate one member, normally a sergeant (senior correctional officer (SCO) . . . as chairperson . . . ." *Id.*, TDOC policy 502.01 (VI)(A.)(2.) The Disciplinary Hearing Officer (DHO) is an employee appointed by the Warden to serve as the chairperson of the disciplinary board and to hear Class B (where no accumulated sentence credits may be taken) and C disciplinary offenses. *Id.*, TDOC policy 502.01 (IV)(E.) & (VI)(B.)(1.).

Petitioner does not explain how TDOC's policies regarding the appointment of board members and a disciplinary hearing officer are relevant to whether he exhausted his administrative remedies. Petitioner then proceeds to explain the allegations in his petition against employees of TDOC and how they had not followed their classification and disciplinary procedures. The only comment made by Petitioner in the argument section of his principal brief concerning whether he exhausted his administrative remedies was made when he was explaining how Respondents had conducted an "arbitrary classification procedure" and stated as follows: "[Petitioner] appealed to the assistant commissioner addressing the warden's denial and up to today's date, he never received a response to his appeal."

Respondents, in their responsive brief, argued that Petitioner had waived any issue regarding whether he had exhausted his administrative remedies because he had failed to address it in his principal brief. Respondents, therefore, claim that Petitioner has waived his appeal due to his failure to address this ruling which is by itself "mandatorily dispositive." Tennessee Rule of Appellate Procedure 27(a)(7) requires an appellant to include an argument section in their appellate brief setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on."

In the present case, the Trial Court specifically found in its judgment that Petitioner had not exhausted his administrative remedies and recognized that Petitioner's allegations were against individual staff members without requesting the Trial Court to review a decision by any TDOC board. Petitioner does not make an argument on appeal concerning

the Trial Court's ruling that he had not exhausted his administrative remedies other than his general assertion that the Trial Court erred in its ruling, his assertion that "[i]n appropriate circumstances" this Court may review a decision by a single administrator in a writ of certiorari action, and his reference to TDOC policies related to the appointment of the TDOC disciplinary board and the disciplinary hearing officer.

Petitioner spends much of his brief discussing the specific allegations he made in his petition and how Respondents had violated their disciplinary and classification procedures, instead of developing an argument concerning the reason the Trial Court dismissed his petition. The only factual reference to administrative remedies in the argument section of Petitioner's initial brief is his statement concerning a pending appeal to the assistant commissioner of a classification hearing. Petitioner does not explain or provide authority identifying what administrative remedies were available to him or what actions he had taken to exhaust those administrative remedies. Petitioner, in the argument section of his principal brief, does not construct a sufficient argument in compliance with Rule 27(a)(7) explaining the reasons why he claims the Trial Court erred by finding that he had not exhausted his administrative remedies.

We note that Petitioner presented further argument with some supporting authority concerning the applicability of writs of certiorari to cases not involving a TDOC board in his reply brief. However, an appellant is not permitted to correct the deficiencies of his initial brief, such as the lack of a developed argument, by including it in his reply brief. *See Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *8 (Tenn. Ct. App. Aug. 6, 2018) ("It is well-settled, however, that appellants may not raise new issues in their reply briefs or use reply briefs to correct deficiencies in initial briefs."); *Adler v. Double Eagle Properties Holdings, LLC*, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at *6 (Tenn. Ct. App. Apr. 2, 2015) (holding that a reply brief correcting the deficiencies in the initial brief "is not a substitute for an initial brief to this Court."). Furthermore, allowing an appellant to correct the deficiencies in his argument from his initial brief in his reply brief after the appellee has filed a responsive brief "would result in a fundamental unfairness to the appellee, as the appellee may not respond to a reply brief." *See Goetz v. Autin*, No. W2015-00063-COA-R3-CV, 2016 WL 537818, at *11 n.8 (Tenn. Ct. App. Feb. 10, 2016) (internal citation omitted); *see also Cook's Roofing, Inc. v. Hartford Underwriters Ins. Co.*, No. W2019-00271-COA-R3-CV, 2020 WL 4151216, at *13 n.13 (Tenn. Ct. App. July 20, 2020), *perm. app. denied* (Tenn. Nov. 17, 2020).

As our Supreme Court has stated, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010). Therefore, Petitioner's failure to comply with

Tennessee Rule of Appellate Procedure 27 has resulted in waiver of that issue on appeal. That portion of the Trial Court's judgment ruling that Petitioner had not exhausted his administrative remedies is, therefore, affirmed. As such, we affirm the Trial Court's judgment granting Respondents' motion to dismiss the petition for writ of certiorari.

Petitioner also has raised an issue concerning the filing fees he was ordered to pay in order to initiate the proceeding below. According to Petitioner, the Trial Court erred by charging him a higher filing fee than what is permitted by Tennessee Code Annotated § 8-21-401. Section 8-21-401(b)(1) provides as follows in relevant part:

> (A) Unless otherwise provided, court clerks in civil cases in courts of record shall charge a standard court cost of two hundred twenty-five dollars ($225) at the institution of a case. The types of cases covered by this fee would include, but not be limited to, actions for enforcement of contracts or breach of contract actions; injunctions; all torts, personal injury and property damage cases, including malpractice actions, health care liability actions, and wrongful death suits; employment discrimination suits; civil rights suits; tax disputes; special remedies; other property disputes; and any other type of actions not otherwise designated in this section or elsewhere by law.
>
> * * *
>
> (C) In the following specific types of civil actions, the clerk shall charge a standard court cost of one hundred fifty dollars ($150) at the institution of a case:
>
> (i) Appeals to the circuit or chancery court from juvenile court, general sessions court, probate courts, municipal courts or an administrative hearing; writs of certiorari from lower courts; or administrative hearings . . . .

The record reflects that the filing fees charged for this action were $897.50, as reflected by the Trial Court's December 2018 order. There is no breakdown or itemization explaining the costs ordered by the Trial Court. We are unable to discern how the Trial Court determined the filing fees in this case based on the record before us. Additionally, Respondents have not addressed this issue raised by Petitioner in their brief. On remand following this appeal, the Trial Court is directed to revisit its order concerning the filing fees at issue and determine whether the filing fees were in compliance with Tennessee Code Annotated § 8-21-401. In making its determination, the Trial Court shall provide in its order reasoning to demonstrate how the total amount of filing fees was calculated.

- 12 -

**Conclusion**

The judgment of the Trial Court granting Respondents' motion to dismiss is affirmed. This cause is remanded to the Trial Court for collection of the costs below. On remand, the Trial Court shall revisit its order concerning the filing fees to determine their compliance with Tennessee Code Annotated § 8-21-401. The costs on appeal are assessed against the appellant, Jabari Issa Mandela a/k/a John Wooden.

_____
D. MICHAEL SWINEY, CHIEF JUDGE