IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2021

## ABRAHAM BEST v. CITY OF MEMPHIS

**Appeal from the Circuit Court for Shelby County**
**No. CT-4770-19      Mary L. Wagner, Judge**

_____

### No. W2021-00020-COA-R3-CV
_____

Former firefighter who alleged miscalculation of his Line of Duty disability benefits brought an action for breach of contract, negligence, and negligent infliction of emotional distress against the City of Memphis. In this appeal from the trial court's dismissal of the complaint pursuant to Tennessee Rule of Civil Procedure 12.02(1) we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, Abraham Best.

Chandley Hayes-Crawford and Dennis P. Hawkins, Memphis, Tennessee, for the appellee, City of Memphis.

**OPINION**

## I.      BACKGROUND

The following facts are undisputed. On September 14, 2016, Abraham Best ("Plaintiff"), a firefighter employed by the City of Memphis ("City"), injured his right ankle and foot while at work. Plaintiff filed an application for Line of Duty disability ("LOD") benefits. The LOD benefits were initially denied by the Board of Administration City of Memphis Retirement System ("Pension Board"). Plaintiff timely appealed the decision. The matter was referred to an Administrative Law Judge for a hearing. The administrative record is not included in the appellate record, save the ALJ's

order entered May 9, 2019, which indicates that "[a] hearing consistent with the contested case procedures of the Uniform Administrative Procedures Act, as adopted by the State of Tennessee, was held in this matter on February 20, 2019 after which both [Plaintiff] and [the City] submitted post-hearing briefs . . . and closing argument was heard on April 25, 2019." The ALJ found that Plaintiff was "entitled to LOD benefits" from the City.

On October 29, 2019, Plaintiff filed in the Circuit Court ("trial court") a complaint alleging that the City delayed the payment of his LOD benefits, miscalculated the date from which back pay should begin,[1] and "improperly mov[ed] [his] official retirement date." Plaintiff asserted claims for breach of contract, negligence, and negligent infliction of emotional distress. Plaintiff alleged that prior to filing a complaint in the trial court, he communicated with "the Benefits Department," and "the Payroll Department" in an effort to resolve his grievance. Plaintiff further alleged that certain individuals advised that the "Pension Department was responsible." By email dated August 28, 2019, Plaintiff allegedly "emailed [the City], notifying the Payroll Department, the Benefits Department, and the chief of the fire department." In the email, Plaintiff allegedly "informed [the City] that he would have to take legal action to remedy the situation if necessary."

On December 4, 2019, the City answered[2] the complaint and moved to dismiss the complaint for lack of subject matter jurisdiction under Tennessee Rule of Civil Procedure 12.02(1). In its motion, the City stated that the Pension Board acted on the ALJ's May 9, 2019 order "on June 27, 2019 and issued the first payment to Plaintiff on July 31, 2019 covering the July 16–31, 2019 pay period." The City argued that because Plaintiff's grievance was based solely on the Pension Board's actions and because the Pension Board is an administrative agency of the City, Plaintiff's filing seeking review of the Pension Board's actions should have been filed in Chancery Court within sixty days of the ALJ's order. The City contended that dismissal based upon lack of subject matter jurisdiction was required because Plaintiff's complaint was untimely filed in the wrong court. In a brief response, Plaintiff argued that because his "Complaint is based on the conduct that occurred when [the City] violated the Pension Board decision," it was properly filed in the trial court instead of in Chancery Court.

The trial court heard the City's motion to dismiss on November 24, 2020. The record does not contain a transcript of this hearing, but from the trial court's final order entered December 10, 2020, it appears that the trial court *sua sponte* dismissed Plaintiff's

---

[1] The complaint alleges that the City "gave Plaintiff back pay, starting from the date of July 21, 2018." However, Plaintiff averred that the back pay included in the LOD benefits award should have been calculated from May 12, 2018.

[2] In its answer, the City admitted that Plaintiff's back pay was calculated from July 21, 2018.

claims for breach of contract and negligent infliction of emotional distress for failure to state a claim upon which relief can be granted, pursuant to Tennessee Rule of Civil Procedure 12.02(6):

> The City of Memphis Code of Ordinances states explicitly at § 4-4-5 that no contract is created between the City and any employee or retiree by virtue of participation in the retirement system. The breach of contract claim is dismissed for failure to state a claim upon which relief can be granted.

> The Governmental Tort Liability Act at § 29-20-205(2) states that the [City's] immunity from suit is not removed in cases of infliction of mental anguish. During argument, the Plaintiff conceded and agreed with this point. The negligent infliction of emotional distress claim is dismissed for failure to state a claim upon which relief can be granted because the [City] is immune from suit and immunity cannot be removed.

The trial court also found that it "lack[ed] subject matter jurisdiction over the cause." The trial court reasoned as follows:

> The gravamen of the Complaint before this Court is a dispute of the amount, time and manner of payment of Plaintiff's pension plan benefits. The Code of Ordinances at § 4-8-7(c) states that the Pension Board shall determine the amount, manner and time of payment of plan benefits. Based upon the City Ordinance, Plaintiff must bring these disputes to the Pension Board. Thereafter, any challenge to the Board's action must be brought in the Shelby County Chancery Court under the Uniform Administrative Procedures Act ("UAPA") found in the Tennessee Code Annotated. Such actions must be brought within sixty (60) days. T.C.A. §§ 4-5-322(b)(1)(A)(i) and (iv).

> The Court does not find whether or not Plaintiff's dispute has yet to be ruled upon by the Pension Board. If it has not, then exclusive jurisdiction lies with the Pension Board. If the Pension Board has ruled, then exclusive jurisdiction is with the Shelby County Chancery Court. This Court, however, cannot transfer this matter to the Chancery Court because either (1) it has not yet been considered by the Pension Board, or (2) if the Pension Board's decision does address these disputes, then Plaintiff did not bring his action within sixty (60) days. Because this Court does not have subject matter jurisdiction, this action must be dismissed.

Plaintiff appealed.

## II.    ISSUES

Plaintiff raises one issue: "Whether the trial court erred in granting [the City's] motion to dismiss."

## III.    STANDARD OF REVIEW

We review de novo a trial court's dismissal of an action for lack of subject matter jurisdiction. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712–13 (Tenn. 2012); *see also Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) ("Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.").

## IV.    DISCUSSION

We begin by outlining the legal authority applicable to this appeal. "[S]ubject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co.*, 33 S.W.3d at 729. A court obtains subject matter jurisdiction from either a statutory or constitutional provision. *See Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006). "The existence of subject matter jurisdiction depends on the nature of the cause of action and the relief sought." *Id.* (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). Therefore, when a court's subject matter jurisdiction is challenged, the first step is to "ascertain the nature or gravamen of the case," and then to "determine whether the Tennessee Constitution, the General Assembly, or the common law have conferred on [the court] the power to adjudicate cases of that sort." *Staats*, 206 S.W.3d at 542.

A party may assert either a facial challenge or a factual challenge to the court's subject matter jurisdiction. *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012); *see also Staats*, 206 S.W.3d at 542. "A facial challenge attacks the complaint itself and asserts that the complaint, considered as a whole, fails to allege facts showing that the court has subject matter jurisdiction to hear the case." *Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.*, 531 S.W.3d 146, 160 (Tenn. 2017) (citing *Redwing*, 363 S.W.3d at 445–46). In contrast, "a factual challenge admits that the alleged facts, if true, would establish subject matter jurisdiction, but it attacks the sufficiency of the evidence to prove the alleged jurisdictional facts." *Id.* (citing *Redwing*,

363 S.W.3d at 446). "Regardless of the manner used, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over the case." *Church of God in Christ, Inc.*, 531 S.W.3d at 161 (citing *Staats*, 206 S.W.3d at 543). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). An order or judgment entered by a court lacking subject matter jurisdiction is void. *First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001).

Title 4 of the Code of Ordinances, City of Memphis, Tennessee, entitled "Pension and Retirement System," provides, in relevant part, as follows:

> There is created and established a board of administration which, under the provisions of this title and the direction of the mayor, shall administer the plan and the trust fund created by this title.

Code of Ordinances, City of Memphis, Tennessee at § 4-8-1.

> The board shall supervise the administration and enforcement of this title according to the terms and provisions of this title and shall have all powers necessary to accomplish these purposes, including, without limitation and in addition to any other powers described in this chapter the right, power, authority and duty:
>
> > A. To construe all terms, provisions, conditions and limitations of the plan (in all cases, the construction necessary for the plan to qualify under the applicable provisions of the Code shall control);
> >
> > B. To determine all questions relating to eligibility;
> >
> > C. To determine the amount, manner and time of payment of any plan benefits and to prescribe procedures to be followed by distributees in obtaining benefits;
> > . . .
> >
> > E. To make a determination as to the right of any person to a benefit under this title;

*Id.* at § 4-8-7.

Tennessee Code Annotated section 27-9-114 establishes:

(b)(1) Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.

(2) Petitions for judicial review of decisions by a city or county civil service board affecting the employment status of a civil service employee shall be filed in the chancery court of the county wherein the local civil service board is located.

Tenn. Code Ann. § 27-9-114(b)(1) and (2).

Finally, Tennessee Code Annotated section 4-5-322 provides:

(a)(1) A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

Tenn. Code Ann. § 4-5-322(a)(1). Judicial review of an administrative agency's action is within the exclusive jurisdiction of the Chancery Court. Tenn. Code Ann. § 4-5-322(b)(1)(a)(i) ("Proceedings for review are instituted by filing a petition for review in chancery court"). When "a petition for judicial review is submitted within the sixty-day period but is filed with an inappropriate court, the case shall be transferred to the appropriate court." Tenn. Code Ann. § 4-5-322(b)(2).

Plaintiff's brief does not acknowledge, cite to, or develop an argument based on the foregoing applicable legal authority. Instead, without citation to authority to support his position, Plaintiff asserts that he "wants the [ALJ's] Order followed" and that he "properly filed this matter in Circuit Court, as the Circuit Court is the only court that would have jurisdiction to hear the matter." Plaintiff's argument on the dispositive issue of the trial court's subject matter jurisdiction is lacking. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000); *see also Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."). Although the issue that Plaintiff raises on appeal is subject to waiver, we will briefly address it.

As the parties recognize, the board of administration referenced in the above provisions of the Code of Ordinances, City of Memphis, Tennessee, is commonly referred to as the Pension Board. Although on its face Plaintiff's complaint appears to sound in tort, the allegations solely concern the Pension Board's calculation and manner of payment of his LOD benefits following the ALJ's order to award benefits. Similarly, on appeal, Plaintiff states that "the basis of [his] lawsuit" is the City's alleged failure to provide "all amounts due to him" pursuant to the ALJ's order awarding LOD benefits. Plaintiff argues that the Pension Board failed to follow the ALJ's order. Thus, we affirm the trial court's finding that the gravamen of the Complaint is a dispute of the amount, time, and manner of payment of Plaintiff's pension plan benefits. Because the Pension Board is tasked with "determin[ing] the amount, manner and time of payment of any plan benefits," Plaintiff was required to formally present the disputes alleged in the complaint to the Pension Board in the first instance. Code of Ordinances, City of Memphis, Tennessee at § 4-8-7. Even a generous reading of the complaint shows that Plaintiff did not do so, and he does not argue otherwise on appeal. Instead, after communicating with certain individuals in the Payroll Department and Benefits Department, and after emailing the Chief of the Fire Department, Plaintiff filed a complaint in the trial court.

The Uniform Administrative Procedures Act's judicial review provision, Tennessee Code Annotated section 4-5-322, governs judicial review of the Pension Board's actions. *See Murrell v. Bd. of Admin. City of Memphis Pension & Ret. Sys.*, No. W2020-00187-COA-R3-CV, 2021 WL 1233500, at *4 (Tenn. Ct. App. Mar. 31, 2021) (concluding that "[t]he UAPA is the governing standard" and noting that "the Pension Board was required to provide a UAPA-compliant contested case hearing" where police officers alleged that the Pension Board erroneously calculated the amount of their pension benefits); *Marino v. Bd. of Admin. City of Memphis Ret. Sys.*, No. W2015-00283-COA-R9-CV, 2015 WL 7169796 (Tenn. Ct. App. Nov. 16, 2015) (holding that the Pension Board is not exempt from the contested case procedures of the UAPA where Pension Board denied firefighter's LOD benefits). In both *Murrell* and *Marino*, the aggrieved parties initiated judicial review of the Pension Board's action through a filing in the Chancery Court, where exclusive jurisdiction for such matters lies. *Murrell*, 2021 WL 1233500, at *1; *Marino*, 2015 WL 7169796, at *1; Tenn. Code Ann. § 4-5-322(b)(1)(a)(i). This is what Plaintiff should have done instead of filing in the trial court, assuming *arguendo* that Plaintiff was "aggrieved by a final decision in a contested case" or that he intended to obtain judicial review of a "preliminary, procedural or intermediate agency action or ruling." *See* Tenn. Code Ann. § 4-5-322(a)(1).

We will not address whether the action could have been transferred to the Chancery Court because Plaintiff does not raise or argue the issue on appeal. *See Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) ("Appellate review is generally limited to

the issues that have been presented for review."); *Murray v. Miracle*, 457 S.W.3d 399, 403 (Tenn. Ct. App. 2014) ("We will not undertake to search the record and then revise Plaintiffs' brief in its entirety so as to create issues of claimed errors by the Trial Court when the Plaintiffs raise no such specific claimed errors because to do so would have this Court serve as Plaintiffs' attorney.").

We hold that the trial court lacked the subject matter jurisdiction to adjudicate this case. Accordingly, the trial court's dismissal of Plaintiff's complaint pursuant to Tennessee Rule of Civil Procedure 12.02(1) is affirmed. Because the trial court lacked the threshold subject matter jurisdiction to adjudicate the action at all, we need not review the trial court's dismissal, pursuant to Tennessee Rule of Civil Procedure 12.02(6), of the breach of contract and negligent infliction of emotional distress claims.

## V.    CONCLUSION

We affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Abraham Best, for which execution may issue if necessary.

_____
JOHN W. McCLARTY, JUDGE