IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2023 Session

## VICTOR HUGO HERNANDEZ v. JODIE L. LAND

**Appeal from the Chancery Court for Williamson County**
**No. 18CV-47178     Joseph A. Woodruff, Chancellor**

———————————————————

**No. M2022-01712-COA-R3-CV**

———————————————————

A father moved to set aside two court orders as absolutely void.  *See* TENN. R. CIV. P. 60.02(3).  The trial court denied the motion.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JEFFREY USMAN, J., joined.

Micheal A. Jones, Murfreesboro, Tennessee, for the appellant, Victor Hugo Hernandez.

P. Marlene Boshears, Franklin, Tennessee, for the appellee, Jodie L. Land.

Lori Thomas Reid, Franklin, Tennessee, Guardian ad Litem.

## OPINION

### I.

Victor Hernandez ("Father"), a California resident, filed a petition in Tennessee to domesticate and modify a California child-custody decree.  The children lived in Tennessee with their mother, Jodie Land ("Mother").  According to the parties, the California court ceded jurisdiction over child-custody determinations to the Tennessee court.  *See* Tenn. Code Ann. § 36-6-218(1) (2021).

On March 26, 2022, as part of the modification proceeding, the Tennessee court issued an injunction "to preserve real property located in Tennessee which may serve as collateral to aid in the enforcement of future orders or judgments."  The court "ordered,

restrained, and enjoined" Father from "selling, transferring, pledging, or impairing in any fashion" two parcels of real property identified as "320 Welch Road, Unit J-1, Nashville, Tennessee 37211 and 411 Harding Place, Unit A-13, Nashville, Tennessee 37211" pending further orders. The injunction applied to "all ownership interests held by Father, or for his benefit, either directly by Father or indirectly through any business organization including but not limited to Julzian LLC." The court placed a lien on the two parcels in favor of Mother and the guardian ad litem "to satisfy any judgments of this Court that may hereafter be entered." With the court's permission, Mother and the guardian ad litem recorded copies of the order with the Davidson County Register of Deeds.

In its final decree, the Tennessee court domesticated the California custody order, adopted a modified permanent parenting plan, and awarded Mother and the guardian ad litem sizeable monetary judgments against Father. No appeals were filed.

A few months later, Harding Place Condominium Associates, Inc. moved to interplead excess funds from a non-judicial foreclosure sale of the Harding Place property. *See* TENN. R. CIV. P. 22.02. According to the association, both Mother and Father had asserted a claim to the excess funds. Faced with competing claims, the association asked for permission to interplead the funds. The court granted the interpleader motion on October 26, 2022.

Mother and the guardian ad litem moved the court to release the excess funds to them as partial satisfaction of their judgments. They had agreed to an equal division. In response, Father moved to set aside the March 16 order imposing a lien on the subject property and the October 26 order granting the interpleader motion. *See id.* 60.02(3). He argued that both orders were void as a matter of law. The trial court disagreed. It denied Father's motion and granted the joint request to release the funds.

## II.

### A.

On appeal, Father faults the court for denying his motion to set aside its two previous orders. Tennessee Rule of Civil Procedure 60.02(3) allows a party to seek relief from void judgments. This Court reviews the denial of a Rule 60.02(3) motion de novo with no presumption of correctness. *Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015).

"A judgment is not void . . . because it is or may have been erroneous." *Hussey v. Woods*, 538 S.W.3d 476, 485 (Tenn. 2017) (alteration in original) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). A judgment is void if the court lacked jurisdiction over the subject matter or the parties or if it was wholly outside of the pleadings. *Turner*, 473 S.W.3d at 270.

Father initiated the underlying proceeding by filing a petition to domesticate and modify a foreign child-custody order. It is undisputed that the court had personal jurisdiction over the parties. *See Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988) (observing that "[p]ersonal jurisdiction is obtained by service of process or by a party's voluntary appearance in a case"). Nor is there any real dispute over whether the court had jurisdiction over the subject matter. "Subject matter jurisdiction refers to the power of a court to adjudicate the particular category or type of case brought before it." *Turner*, 473 S.W.3d at 269; *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (recognizing that "subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it"). The Uniform Child Custody Jurisdiction and Enforcement Act, as codified in Tennessee, governs the power of our courts to modify another state's child-custody determination. Tenn. Code Ann. § 36-6-218 (2021). The parties acknowledged at oral argument that the statutory requirements for jurisdiction were met here. *See id.* § 36-6-218(1).

Father does not argue that the March 26 order was wholly outside of the pleadings. Rather, he argues that the order was void "because the rendering Court lacked proper statutory authority to enjoin and restrain a third-party LLC and place a lien upon real property owned by the third-party LLC." In his view, the March 26 order exceeded the statutory limitations of a charging order. *See* Tenn. Code Ann. § 48-249-509 (2019). However, defects rendering a judgment void will be "apparent from the face of the judgment or the record of the proceeding from which the challenged judgment emanated." *Turner*, 473 S.W.3d at 271. "If the defect allegedly rendering the challenged judgment void . . . must . . . be established by additional proof, the judgment is merely voidable, not void." *Id.*

Father's argument necessarily depends on additional proof, specifically whether the real property was owned by a limited liability company. Because such proof would be necessary to demonstrate that the March 26 order was void, the order was, at best, "merely voidable, not void." *See id.*

The October 26 order granted the association's interpleader request. *See* TENN. R. CIV. P. 22. There are two stages in an interpleader action. *C & C N. Am. Inc. v. Nat. Stone Distribs., LLC*, 571 S.W.3d 254, 260 (Tenn. Ct. App. 2018). First, the stakeholder must ask the court for permission to deposit the disputed funds into the court and withdraw, leaving "the claimants to litigate between themselves the ownership of the fund[s] in court." *Id.* at 259-60 (Tenn. Ct. App. 2018) (quoting *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997)). So, as a first step, the trial court determines "whether the stakeholder has properly invoked interpleader." *Id.* at 260 (citing LAWRENCE A. PIVNICK, 1 TENN. CIR. CT. PRAC. § 1:27 (2017)).

Here, the court found that interpleader was appropriate. Existing claims to the same fund from separate parties are generally sufficient "to satisfy the jurisdictional requirement

3

of multiple liability for an interpleader action." *Id.* at 262. It is enough that the stakeholder has "'a good-faith and reasonable fear' of exposure to vexatious or conflicting claims." *Id.* at 262-63 (quoting 48 C.J.S. *Interpleader* § 8).

Father insists that the October 26 order was void because it "was predicated upon a previously issued void [o]rder." But "[t]he availability of interpleader does not depend on the merits of the potential claims." *Id.* at 263 (alteration in original) (quoting 48 C.J.S. *Interpleader* § 9). The court had personal jurisdiction over the parties. As a court of general jurisdiction, it had subject matter jurisdiction to adjudicate an interpleader request. TENN. R. CIV. P. 22.01. So the October 26 order was not void either.

## B.

Mother seeks an award of attorney's fees on appeal. Tennessee follows the well-established rule that parties are responsible for their own attorney's fees absent a statute or agreement between the parties providing otherwise. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). Under the version of Tennessee Code Annotated § 36-5-103(c) (2017) applicable when this custody dispute was filed, we have the discretion to award such fees. *Pippin v. Pippin*, 277 S.W.3d 398, 407 (Tenn. Ct. App. 2008); *Shofner v. Shofner*, 181 S.W.3d 703, 719 (Tenn. Ct. App. 2004). In exercising our discretion, we consider: (1) the requesting party's ability to pay the accrued fees; (2) the requesting party's success in the appeal; (3) whether the requesting party sought the appeal in good faith; and (4) any other relevant equitable factors. *Hill v. Hill*, No. M2006-02753-COA-R3-CV, 2007 WL 4404097, at *6 (Tenn. Ct. App. Dec. 17, 2007). In light of these factors, we decline to award Mother attorney's fees on appeal.

## III.

Because the orders issued on March 26, 2022, and October 26, 2022, were not void, we affirm the trial court's denial of Father's Rule 60.02(3) motion.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

4